IN THE SUPREME COURT OF THE STATE OF KANSAS

No. 121,503

STATE OF KANSAS,
*Appellant*,

v.

MICHAEL GLEN MULLENEAUX II,
*Appellee*.

SYLLABUS BY THE COURT

1.

A county or district attorney is the representative of the State in criminal prosecutions and has broad discretion in controlling those prosecutions. But a prosecutor's discretion is not limitless, and the doctrine of separation of powers does not prevent court intervention in appropriate circumstances.

2.

In determining if dismissal of a criminal charge with prejudice is appropriate, appellate courts apply an abuse of discretion standard. A district court abuses its discretion by (1) adopting a ruling no reasonable person would make, (2) making a legal error or reaching a legal conclusion not supported by factual findings, or (3) reaching a factual finding not supported by substantial competent evidence.

Review of the judgment of the Court of Appeals in an unpublished opinion filed August 13, 2021. Appeal from Geary District Court; COURTNEY D. BOEHM, judge. Opinion filed July 8, 2022. Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court dismissing the charges with prejudice is affirmed.

*Tony R. Cruz*, assistant county attorney, argued the cause, and *Derek Schmidt,* attorney general, was with him on the brief for appellant.

*Patrick H. Dunn*, of Kansas Appellate Defender Office, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

LUCKERT, C.J.:  In criminal cases, the Kansas Legislature has provided limited and specific paths for the State to appeal. Here, at different points in the proceeding, two alternative paths became available to the State. The first path arose because the district court judge suppressed evidence as a discovery sanction; the State could have taken an interlocutory appeal of that decision. But it made the strategic decision to instead ask the judge to dismiss the case without prejudice. In doing so, the State told the judge that without the suppressed evidence it could not proceed to trial. The judge then dismissed with prejudice. The State now appeals from the dismissal with prejudice.

On appeal, the Court of Appeals considered the issue to be whether the judge erred by imposing dismissal with prejudice as a sanction for a discovery violation. Finding error, the Court of Appeals reversed and remanded the case. *State v. Mulleneaux*, No. 121,503, 2021 WL 3573777 (Kan. App. 2021) (unpublished opinion).

We hold, however, the district court's sanction for the discovery violation was to suppress evidence and continue with the trial as scheduled. The State chose not to appeal those decisions. Instead, the prosecutor informed the district court that the State could not proceed to trial without the suppressed evidence and asked the court to make a finding of necessity so it could gain a speedy trial advantage upon filing a new case against Michael Glen Mulleneaux II, a case unburdened by a suppression ruling. Under those

circumstances, we hold the district court did not abuse its discretion in dismissing the case with prejudice. We thus reverse the Court of Appeals and affirm the district court.

FACTS AND PROCEDURAL BACKGROUND

A law enforcement officer stopped Mulleneaux for a traffic violation. During the stop, the officer learned Mulleneaux was driving on a suspended license and arrested him. The officer performed a search incident to arrest and found a pipe with suspected drug residue. This led to the State charging Mulleneaux with one count of possession of marijuana and one misdemeanor count of possession of drug paraphernalia. See K.S.A. 2017 Supp. 21-5706(b)(3) (possession of marijuana); K.S.A. 2017 Supp. 21-5709(b)(2) (possession of drug paraphernalia). The State alleged Mulleneaux had two prior convictions for possession of marijuana, which made the possession of marijuana a felony. See K.S.A. 2017 Supp. 21-5706(c)(3)(C).

Soon after the State filed charges against Mulleneaux, his attorney requested discovery and inspection under K.S.A. 2021 Supp. 22-3212 and K.S.A. 2021 Supp. 22-3213. She did so by signing a form discovery agreement provided by the Geary County Attorney's Office. The agreement states the County Attorney's Office will provide discovery within 20 days after arraignment. Fax records reflect the Geary County Attorney's Office received the discovery agreement. Despite Mulleneaux's request, discovery became an issue twice during pretrial proceedings.

The first dispute related to two documents presented by the State at Mulleneaux's preliminary hearing—a journal entry of conviction and a journal entry of motion to revoke probation. This dispute is not at issue on appeal but provides context for Mulleneaux's arguments and the judge's ruling. After the preliminary hearing, Mulleneaux moved to dismiss the felony charge of possession of marijuana, arguing

3

neither journal entry proved the necessary prior convictions. During a hearing on the motion, Mulleneaux's counsel asked the district court judge to "order the State to provide me with copies of those two documents [the journal entries], as I haven't received the discovery." The judge granted Mulleneaux's motion and remanded the case for a second preliminary hearing.

The second discovery dispute leads to this appeal. It relates to a Kansas Bureau of Investigation (KBI) report analyzing whether officers seized marijuana residue during Mulleneaux's arrest. This district magistrate judge admitted the report into evidence in the two preliminary hearings conducted in district court. At both hearings, the arresting officer testified about the traffic stop and subsequent arrest of Mulleneaux. The officer also explained she sent a pipe found during the search incident to Mulleneaux's arrest to the KBI for testing. She received a lab report documenting that a chemist had detected THC. On cross-examination at the second preliminary hearing, the officer confirmed the only evidence of marijuana found on Mulleneaux was the residue in the pipe. The State did not provide a copy of the lab report to the defense at the hearing.

As the time for the trial approached, the State still had not provided a copy of the lab report to Mulleneaux's attorney. This led to Mulleneaux's attorney moving to exclude the KBI lab report and the KBI chemist's testimony from evidence at trial. The district court judge heard arguments on the motion the first morning of the trial; the judge was the same judge who had heard the motion to dismiss and who was thus aware of the first discovery dispute.

Mulleneaux's attorney first explained why she filed the motion. She detailed the steps she had taken to get the report, including completing and faxing the County Attorney's form discovery agreement. But the State had not provided the report, a fact she realized when preparing for trial. She decided to review the County Attorney's file under

its open file policy because of her experience with trying to get a copy of the journal entry the State had relied on at the preliminary hearing. She recounted that when she asked for a copy she was told the County Attorney's Office did not physically have one. But when she inspected the County Attorney's file on Thursday before trial, she found a copy of the journal entry she had been seeking. She did not find the KBI report, however. The next day she filed the motion in limine, asking to suppress the KBI report and the chemist's testimony. While the State sent her a copy over the weekend before trial, she contended the late production did not cure the discovery failure because she had needed the report so she could contact and interview the chemist.

The State argued against excluding the evidence because defense counsel had a chance to review the report at both preliminary hearings and had never moved to compel production of the report. The State had no record of the discovery request Mulleneaux faxed to its office, so it argued K.S.A. 2021 Supp. 22-3212 and its pretrial discovery requirements did not apply. The State argued instead K.S.A. 2021 Supp. 22-3213 applied, which did not require disclosure of any report until after the witness testified. The State also noted defense counsel discovered the report was missing from the State's file on the Thursday before trial but did not notify the State before filing a motion in limine at 5 p.m. on the Friday before the scheduled trial start on Monday. The State said it located and sent a copy of the report to counsel over the weekend. It suggested the more appropriate remedy on these facts would be a continuance.

The district court judge took a brief recess to consider the parties' sanction arguments and review documents. The judge then ruled from the bench and suppressed the evidence:

> "There's an obligation for the State to comply with statute[. T]he request for
> discovery and inspection, which is admitted as Defense Exhibit A, was faxed on June
> 25th, 2018. The request was made. Statute and the request should have been followed and

5

complied with. They were not. So the sanction is that the State is not allowed to use the KBI lab report or testimony by the KBI lab tech. Court will grant defendant's second motion in limine."

The prosecutor immediately announced: "With that ruling, Judge, the State's going to dismiss without prejudice." The State asked the judge to make "the specific finding that it's being dismissed out of necessity because we can't use the KBI chemist's testimony."

Mulleneaux's counsel responded that if the court were to dismiss the case the dismissal should be with prejudice because the State sought to achieve a tactical advantage through the dismissal by circumventing the judge's suppression order through a new action. The State responded: "[W]e're not dismissing this because of a tactical advantage. We're dismissing this because of their motion. And we cannot proceed to trial because of their motion and their request and sanction. So, out of necessity, we cannot proceed."

The district court dismissed the charges with prejudice.

The State appealed to the Court of Appeals, revealing in its notice of appeal that it was appealing from "the district court's dismissal with prejudice." The State identified K.S.A. 2021 Supp. 22-3602(b)(1) as the statutory authority for its appeal; that statute allows a prosecutor to appeal in a criminal case from an order of dismissal.

The Court of Appeals reversed. It concluded the district court abused its discretion by dismissing with prejudice for a discovery failure. See *Mulleneaux*, 2021 WL 3573777, at *3. Judge Atcheson dissented based on "the exceptionally deferential standard of review we are to apply." 2021 WL 3573777, at *4 (Atcheson, J., dissenting).

6

Mulleneaux petitioned for review. This court granted review and obtained jurisdiction under K.S.A. 20-3018(b) (petitions for review of Court of Appeals decisions) and K.S.A. 60-2101(b) (jurisdiction to review Court of Appeals decisions upon petition for review).

ANALYSIS

In the State's brief before the Court of Appeals, it raised two issues in which it argued the district court erred in (1) granting Mulleneaux's motion in limine and (2) dismissing the case with prejudice. Mulleneaux responded to the first issue by arguing the State failed to take the necessary procedural steps to present the suppression order for appellate review. He contended the State did not mention the decision to grant the motion in limine in its notice of appeal. He pointed out that the State cited K.S.A. 2021 Supp. 22-3602 as the only statutory authority for the appeal and that provision did not mention evidentiary or suppression rulings. The Court of Appeals did not directly address this argument, which Mulleneaux raises again in his petition for review. As to the State's second issue about whether the district court judge erred in dismissing the case with prejudice, he argues the Court of Appeals panel mischaracterized the district court judge's ruling as a discovery sanction, which led to it applying the wrong legal analysis.

We consider the two issues in turn.

1. *Merits of the motion in limine are not at issue.*

Mulleneaux cites *State v. Barlow*, 303 Kan. 804, 811, 368 P.3d 331 (2016), and in the Court of Appeals he also cited *State v. Berreth*, 294 Kan. 98, 273 P.3d 752 (2012), as support for his argument that the order granting Mulleneaux's motion in limine and

7

limiting the use of certain evidence is beyond the scope of appellate review as defined in K.S.A. 2021 Supp. 22-3602(b).

Mulleneaux makes a valid point that the right to appeal is defined by statute. See *State v. Young*, 313 Kan. 724, 728, 490 P.3d 1183 (2021). Our Legislature has chosen to restrict the State's right to appeal to specified circumstances. See *State v. Myers*, 314 Kan. 360, 365, 499 P.3d 1111 (2021); *State v. Ramirez*, 175 Kan. 301, 309, 263 P.2d 239 (1953). We must interpret those statutes, which presents a question of law to determine the scope of the right. *Young*, 313 Kan. at 728. Here, the State has cited only one statute and only one subsection from that statute, K.S.A. 2021 Supp. 22-3602(b)(1), which provides:

> "(b) Appeals to the court of appeals may be taken by the prosecution from cases before a district judge, or a district magistrate judge who is regularly admitted to practice law in Kansas, as a matter of right in the following cases, and no others:
> (1) From an order dismissing a complaint, information or indictment."

As Mulleneaux points out, this statutory provision does not mention rulings about discovery disputes or the suppression of evidence, such as the judge's order excluding the KBI report and the KBI chemist's testimony. Mulleneaux suggests the State's right to appeal a decision of that type falls under K.S.A. 2021 Supp. 22-3603, which explicitly authorizes an interlocutory appeal when a district court suppresses evidence.

We need not belabor the finer points of this issue. Compare *Berreth*, 294 Kan. at 112-13 with 294 Kan. at 127-30 (Luckert, J., dissenting); see also *State v. Huff*, 278 Kan. 214, 217-19, 92 P.3d 604 (2004). The State waived any arguments by not briefing them and by conceding at oral argument before us that the merits of the in limine ruling are not before us. See *State v. Bailey*, 313 Kan. 895, 897, 491 P.3d 1256 (2021) (party abandons issue by failing to adequately brief it). As a result, we accept for purposes of

this appeal the district court judge's ruling that a discovery violation occurred and that an order suppressing evidence was an appropriate sanction.

2.  *Dismissal with prejudice is affirmed.*

The sole issue is thus whether under those circumstances the district court judge erred by dismissing the case with prejudice rather than granting the State's motion to dismiss without prejudice.

The context of that ruling is critical to the analysis. Dismissal arose only after the judge announced her ruling limiting the State's use of the evidence. In making that ruling, the judge implicitly rejected the State's repeated contention that a continuance would cure any prejudice to Mulleneaux.

The prosecutor immediately advised the court "the State's going to dismiss without prejudice." The court asked Mulleneaux's counsel for her position. She argued the State was dismissing for the tactical advantage of avoiding the sanction the court had imposed. She asked that, if the court ordered dismissal, the court either dismiss with prejudice or impose a condition on refiling that the State would use a summons rather than an arrest. The district court judge ordered dismissal with prejudice.

In reviewing the order dismissing with prejudice, "[w]e recognize that a county attorney or district attorney is the representative of the State in criminal prosecutions; and he or she has broad discretion in controlling those prosecutions." *Comprehensive Health of Planned Parenthood v. Kline*, 287 Kan. 372, 408, 197 P.3d 370 (2008). We also acknowledge that a judge's decision to dismiss criminal charges can improperly infringe on a prosecutor's discretion. See *State v. Williamson*, 253 Kan. 163, 165-66, 853 P.2d 56 (1993) (district court erred by dismissing criminal charges against defendant on

9

ground that matter was better handled by civil commitment for care and treatment; dismissal amounted to impermissible judicial intrusion into prosecutor's function). And a court usually cannot interfere with the prosecutor's discretion to dismiss charges. See *Foley v. Ham*, 102 Kan. 66, 70, 169 P. 183 (1917) ("The power effectively to control a prosecution involves the power to determine when and before what tribunal it shall be brought and maintained, and therefore whether it should be discontinued.").

"Nevertheless, a prosecutor's discretion is not limitless; and the doctrine of separation of powers does not prevent court intervention in appropriate circumstances." *Kline*, 287 Kan. at 408. Dismissal with prejudice may thus be appropriate if the interests of justice so demand. *State v. Bolen*, 270 Kan. 337, 342-43, 13 P.3d 1270 (2000). In determining if dismissal of a criminal charge with prejudice is appropriate, appellate courts apply an abuse of discretion standard. 270 Kan. at 343. A district court abuses its discretion by "(1) adopting a ruling no reasonable person would make, (2) making a legal error or reaching a legal conclusion not supported by factual findings, or (3) reaching a factual finding not supported by substantial competent evidence." *State v. Alfaro-Valleda*, 314 Kan. 526, 533-34, 502 P.3d 66 (2022).

In part, the Court of Appeals concluded the district court abused its discretion by making the legal error of not applying the factors this court has adopted for situations when a court sanctions a prosecutor. See *Bolen*, 270 Kan. at 343. In *Bolen*, we cautioned that the power to dismiss a criminal complaint "should be exercised with great caution and only in cases where no other remedy would protect against abuse. Dismissal with prejudice should be used only in extreme circumstances. [Citations omitted.]" 270 Kan. at 343. We set out factors a judge should consider, saying: "Where there has been no showing that the defendant suffered actual prejudice as a result of a prosecutor's misconduct, and alternative means of sanctioning the prosecutor exist for the violation,

10

dismissal of pending charges with prejudice may constitute an abuse of discretion by the trial court." 270 Kan. at 343.

Noting that caselaw, the Court of Appeals ruled the district court abused its discretion by not weighing those factors. *Mulleneaux,* 2021 WL 357377, at *3 ("[W]e necessarily conclude the district court stepped outside the governing legal precepts to dismiss the charges against Mulleneaux with prejudice."). They did so through the lens of the dismissal with prejudice being a sanction against the State for failing to provide the KBI report as part of discovery. As Mulleneaux notes, the panel wrote that "[t]he district court *revised* its oral ruling and dismissed the case with prejudice, effectively barring any further prosecution of Mulleneaux on the charges." (Emphasis added.) 2021 WL 3573777, at *2. The panel accordingly began its legal analysis by recognizing a district court's broad discretion to remedy discovery violations. But it noted that discretion had limitations, especially when imposing the "uniquely harsh sanction" of dismissal of a criminal case with prejudice. 2021 WL 3573777, at *2. The panel quoted *Bolen*, 270 Kan. at 342-43, for support and applied the factors *Bolen* set out for situations when a court orders dismissal as a sanction for the State's abuse of process. 2021 WL 3573777, at *2-3.

As Mulleneaux argues, the panel's analysis thus firmly sits in the analytical box of a dismissal as a sanction against the State. He argues that is not the analytical box applicable to these facts, however. We agree.

In sanctioning the discovery violation, the district court granted the motion in limine and restricted the State's use of the KBI lab report and the KBI chemist's testimony. It also implicitly rejected the State's repeated suggestion a continuance would be a better option. Before the State raised the prospect of a dismissal, there is nothing to suggest the judge would have dismissed the case, much less dismissed it with prejudice.

11

And, while Mulleneaux argued any dismissal should be with prejudice, he did not counter the State's motion with a formal motion of his own. Nor does there appear to be any statutory authority that would have supported a defense motion to dismiss at that stage of the proceeding. Cf. K.S.A. 2021 Supp. 22-3208(4) ("The motion to dismiss shall be made at any time prior to arraignment or within 21 days after the plea is entered."). Dismissal arose only because the State announced it was dismissing the case.

After seeking a ruling that dismissal was a necessity, the State denied it was trying to seek a tactical advantage. While the judge did not make specific findings about the prosecutor's intent, the dialogue between the attorneys and the judge reveals that it was everyone's expectation that the State would refile charges against Mulleneaux in a case that would be unburdened by the judge's sanction. The State revealed this intent by asking for a finding of necessity, a ruling important only to the computation of speedy trial dates in a newly filed case. See K.S.A. 2017 Supp. 22-3402; *State v. Smallwood*, 264 Kan. 69, 75, 955 P.2d 1209 (1998) ("[A]bsent a showing of necessity, the State cannot dismiss a criminal action and then refile the identical charges against a defendant to avoid the time limitations mandated by statute."). This was thus not a case of the prosecutor deciding to drop a prosecution, a decision left to the prosecutor's discretion. See *Ham*, 102 Kan. at 67-70.

Rather, the State tried to circumvent a ruling with which it disagreed instead of challenging the order through an interlocutory appeal. That attempt to avoid the judge's ruling created an abuse of process, which the district court had discretion to prevent. See *Kline*, 287 Kan. at 408. The question then becomes if dismissal with prejudice was appropriate.

In many similar cases, dismissing with prejudice would be inappropriate because it is a uniquely harsh sanction a judge should order only after considering other options.

See *Bolen*, 270 Kan. at 342-43. One option would have been to deny the State's request to dismiss without prejudice and to reiterate the previously implied decision to not continue the trial setting. The prosecutor would still have been in control of the case and could have proceeded to trial. As Mulleneaux argues, the State has in other cases proven guilt in a drug possession case on circumstantial evidence. *State v. Northrup*, 16 Kan. App. 2d 443, 455-56, 825 P.2d 174 (1992); see also *State v. Brazzle*, 311 Kan. 754, 769-71, 466 P.3d 1195 (2020) (concluding State presented sufficient evidence defendant possessed oxycodone based on officer's testimony he compared pills found in defendant's car to the appearance of the pill on drugs.com, citing *Northrup*). By not simply denying dismissal without prejudice, the judge infringed on the prosecutor's discretion by not leaving to the prosecutor the decision of whether to proceed with trial.

The error of skipping that procedural step does not automatically lead us to reverse the district court, however, because we hold that error was harmless under the circumstances of this case. The key fact here is the prosecutor's admission to the judge that it could not proceed to trial without the suppressed evidence. In other words, the prosecutor conceded he lacked the evidence necessary to prove the case to the jury. The State acknowledged this again before us, saying it could not prove its case without the KBI report because that report was the sole evidence establishing the pipe in Mulleneaux's possession contained marijuana residue. The State thus could not in good faith have proceeded with the prosecution without the excluded report. See Kansas Rule of Professional Conduct 3.8(a) (2022 Kan. S. Ct. R. at 401) (special responsibilities of a prosecutor). We therefore find harmless any error in not simply denying a dismissal without prejudice. See K.S.A. 60-2105; K.S.A. 2021 Supp. 60-261.

Judgment of the Court of Appeals reversing the district court is reversed. Judgment of the district court dismissing the charges with prejudice is affirmed.