NOT DESIGNATED FOR PUBLICATION

No. 126,911

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

SCOTT NAUMAN,
*Appellee*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GERALD R. KUCKELMAN, judge. Submitted without oral argument. Opinion filed August 23, 2024. Reversed and remanded with directions.

*Kristafer R. Ailslieger*, deputy solicitor general, and *Kris W. Kobach*, attorney general, for appellant.

*Aimee M. Bateman*, of Bateman Law Group, LLC, of Leavenworth, for appellee.

Before MALONE, P.J., HURST and COBLE, JJ.

PER CURIAM:  The State charged Scott Nauman with aggravated indecent liberties with a child and aggravated sexual battery for acts allegedly committed against two minor relatives. Before trial, the State sought to admit testimony from two of Nauman's adult relatives who claimed to be former victims, arguing the evidence was admissible as another act of sexual misconduct under K.S.A. 2019 Supp. 60-455(d). The district court denied the State's motion and the State filed this interlocutory appeal.

1

As a threshold matter, the State persuasively argues we have jurisdiction to consider its interlocutory appeal because the district court's decision substantially impairs its ability to prosecute its case against Nauman. On our examination of the merits of the State's claim, we find the district court legally erred by injecting a similarity requirement into its analysis that is not found in K.S.A. 2023 Supp. 60-455(d). We reverse the district court's decision to exclude the testimony and remand the matter for the district court to reconsider the State's motion using the proper legal standard.

FACTUAL AND PROCEDURAL BACKGROUND

In March 2023, the State charged Nauman with two counts of aggravated indecent liberties with a child. During the preliminary hearing, the two teenage victims testified to his repeated behavior of groping and fondling their breasts. Victim 1 testified that while she was between the ages of 11 and 12, Nauman gave her multiple shoulder massages that eventually led to him touching her stomach and groping or fondling her breasts over and under her clothing. Although she could not provide an exact number of instances, she estimated Nauman fondled her breasts in this manner around once or twice per month, and usually while she sat at her desk and he sat directly behind her. She testified that on two other occasions, Nauman asked to measure her breasts when she needed new bras, and on one instance he did so, but on the second instance, her older sister offered to do it instead. And once, when she was 12 years old, Nauman touched and stroked her vagina over her clothes after offering to help her stretch before a sporting event. Victim 1 testified she felt uncomfortable and "terrified" when Nauman touched her.

Victim 2 testified Nauman also gave her massages when she was around 15 or 16 years old. But she testified these massages did not lead to groping her breasts and indicated she asked Nauman for the massages. However, Victim 2 also testified the massages "didn't feel like a massage" because his hands would travel from her shoulders and over her waist, squeezing her sides. She testified although she was uncomfortable,

2

she did not ask him to stop because when she is anxious, she "freeze[s] up." She also testified Nauman once touched her breasts over her clothes while measuring her for a bra. Victim 2 testified that she did not ask for the measurement, and she told Nauman she could take the measurements herself. Even so, on one occasion he would not let her measure herself and he touched her breasts while he did it. She felt "awkward" and "uncomfortable" during the encounter.

At the conclusion of the preliminary hearing, the district court bound Nauman over on Count I after finding the State established probable cause as to the younger victim. But the district court found the State did not establish probable cause for Count II because Victim 2 did not testify to a specific age. Instead, at the request of the State, the district court bound Nauman over for an alternative charge of aggravated sexual battery on that count.

In keeping with this alternative ruling, the State filed an amended complaint charging Nauman with one count of aggravated indecent liberties with a child, in violation of K.S.A. 2019 Supp. 21-5506(b)(3)(A), and one count of aggravated sexual battery, in violation of K.S.A. 2020 Supp. 21-5505(b)(1).

The State then moved to admit evidence of Nauman's prior commissions of other acts of sexual misconduct under K.S.A. 2019 Supp. 60-455(d). See K.S.A. 2023 Supp. 455(d) (providing evidence of a defendant's commission of another act or offense of sexual misconduct may be admissible when the defendant is accused of a sex offense in the instant criminal action). The State's motion proffered that two of Nauman's adult relatives would testify that Nauman also engaged in various acts of sexual abuse of them while they were minors—including "acts such as massages, breast and vagina groping, oral sex, kissing with tongue, digital penetration of vagina, and being forced to hold the defendant's erect penis and move their hand back and forth." The State argued the proffered evidence was admissible because the acts were substantially similar to the acts

alleged in this case and K.S.A. 2023 Supp. 60-455(d) places little limitation on the admission of this evidence. Nauman argued the older relatives' allegations were not similar to the charged offenses, the credibility of the proffered testimony was low, and the danger of undue prejudice was high.

The district court ruled on the State's motion at the start of the scheduled jury trial. It disagreed with the State's argument that the proffered evidence was substantially similar to the charged acts, finding "the acts charged and the propensity evidence are similar only in that both situations are acts committed against the defendant's [relatives]." The district court reasoned that the acts charged are of a different and less serious nature than the prior acts alleged by the adult relatives, which involved penetration, oral sex, and forced touching of the defendant. And because one of the adult relatives alleged acts occurring when she was 18 and older, the district court found that while the acts would be illegal as being incestuous, they would not show a propensity to commit sex acts against children. After reviewing K.S.A. 2023 Supp. 60-455(d) and relevant caselaw, the district court questioned whether the evidence had probative value because the prior acts were not proven. Balancing the probative versus prejudicial value of the State's proffered evidence, the district court refused to admit the older relatives' testimony, finding its probative value was substantially outweighed by the risk of undue prejudice against Nauman.

Immediately following the district court's decision, the State announced it intended to file an interlocutory appeal from the court's ruling. The district court dismissed the jury, the proceedings were stayed, and the State timely filed this interlocutory appeal.

THE DISTRICT COURT ERRED IN ITS APPLICATION OF THE LEGAL STANDARD

In its single issue on appeal, the State argues the district court committed an error of law when it found the proposed propensity evidence was inadmissible as not

4

substantially similar to the crimes charged. The State argues that K.S.A. 2023 Supp. 60-455(d) does not include a similarity requirement, and as a result, the district court erred by imposing such a standard. In response, Nauman argues we do not have jurisdiction to consider the State's claim, or alternatively, the district court did not misinterpret the law. As a threshold issue, we must first consider our jurisdiction over the State's appeal.

*We have jurisdiction over the State's interlocutory appeal.*

Whether appellate jurisdiction exists is a question of law over which this court has unlimited review. To the extent our inquiry requires statutory interpretation, we also exercise unlimited review. *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019).

"In Kansas, the right to appeal is entirely statutory and, as a general rule, appellate courts may exercise jurisdiction only when authorized to do so by statute." *State v. McCroy*, 313 Kan. 531, 534, 486 P.3d 618 (2021). And the State's authority to appeal in a criminal case is limited by statute to specified circumstances. *State v. Mulleneaux*, 316 Kan. 75, 80, 512 P.3d 1147 (2022).

Although the State's notice of interlocutory appeal does not elect a specific statutory basis, only K.S.A. 22-3603 permits interlocutory appeals by the State. The State's appellate reply brief confirms it appeals under this law.

Under K.S.A. 22-3603, the prosecution may file an interlocutory appeal from a pretrial order suppressing evidence. But "suppressing evidence" as used in this statute is not limited only to the suppression of illegally obtained evidence. It includes not only "'constitutional suppression'" but also district court rulings which exclude the State's evidence and substantially impair its ability to prosecute the case. *State v. Newman*, 235 Kan. 29, 34, 680 P.2d 257 (1984). The State must be prepared to make a threshold

5

showing of a substantial impairment on order of the appellate court or when appellate jurisdiction is challenged by the appellee. *State v. Mburu*, 51 Kan App. 2d 266, 270, 346 P.3d 1086 (2015). Here, Nauman challenges jurisdiction in his responsive brief, and the State appropriately addresses this argument in its appellate reply brief.

As the State points out, multiple panels of this court have found jurisdiction to consider appeals from a district court's denial of the prosecution's request for the admission of propensity evidence under K.S.A. 60-455. For example, in *State v. Bliss*, 28 Kan. App. 2d 591, 592-95, 18 P.3d 979 (2001), defendant Bliss was charged with two counts of aggravated indecent liberties with a child occurring during specified timeframes. The State sought to admit evidence of other acts between Bliss and the victim and testimony of corroborating witnesses under K.S.A. 60-455, which the district court denied. Notably, like here, the district court in *Bliss* determined the excluded evidence would aid the prosecution, but it nevertheless excluded the evidence on multiple legal grounds. 28 Kan. App. 2d at 594-96. Our court determined it had jurisdiction to consider the State's interlocutory appeal, finding the suppression of the proffered evidence substantially impaired the State's ability to prosecute its case because "[t]he proffered evidence [was] of substantial importance to the State's case in chief." 28 Kan. App. 2d at 594. The court reasoned the proffered evidence would bolster the credibility of the victim's testimony "because there were no eyewitnesses to the events alleged to have occurred at Bliss' house," and also "could aid in establishing a course of conduct between the parties." 28 Kan. App. 2d at 594. The *Bliss* panel found the district court relied on multiple legal errors to exclude the proffered evidence and reversed with directions. 28 Kan. App. 2d at 596-97.

More recently, this court relied on *Bliss* to find it had jurisdiction to consider the State's interlocutory appeal from the exclusion of prior sexual misconduct evidence under K.S.A. 2018 Supp. 60-455(d) in *State v. Quinones-Avila*, No. 120,505, 2019 WL 3210224, at *3-5 (Kan. App. 2019) (unpublished opinion). There, the State sought to

introduce evidence that the defendant committed prior, unreported sexual abuse acts against the victim. But the district court denied the State's request and the State filed an interlocutory appeal arguing substantial impairment. After reviewing the applicable precedent, the court found:

> "This issue presents a close question, but on balance we find the district court's rulings did substantially impair the State's ability to prosecute Quinones. . . . The evidence was necessary to bolster [the victim's] credibility, corroborate her testimony, and help establish a course of conduct between her and the defendant." 2019 WL 3210224, at *7.

There are other cases decided after 2009—the year K.S.A. 60-455 section (d) was enacted—which found the exclusion of corroborating evidence in a sex abuse case did not substantially impair the State's ability to proceed. For example, in *State v. Sales*, 290 Kan. 130, 224 P.3d 546 (2010), an aggravated criminal sodomy case, the district court granted the defendant's pretrial motion to exclude expert witness testimony on delayed reporting by child victims of sexual abuse. The Kansas Supreme Court ultimately found it lacked jurisdiction because the exclusion did not substantially impair the State's prosecution. The court assessed the State's case against the defendant both with and without the disputed evidence:

> "The State's case consisted primarily of the testimony of the victim about the abuse and that of the victim's aunt to whom she first made disclosure, combined with the testimony of [proposed expert] Agent Hamilton concerning her interview of the victim. The victim's mother also testified to the events around the disclosure. None of this testimony was affected by the district court's pretrial ruling.
>
> "The testimony of Agent Hamilton concerning delayed disclosure was brief, extremely general, and in essence boils down to one or two sentences indicating that it is not unusual for children who are in a relationship with their abuser to delay disclosing the abuse. The State still has the testimony of the victim, her aunt, her mother, and Agent Hamilton's interview testimony. Very little is lost with the removal of Agent Hamilton's

7

testimony on delayed disclosure. Indeed, the need for expert testimony on the issue at all is disputed." 290 Kan. at 140.

And in *State v. Guy*, No. 116,983, 2017 WL 3202977 (Kan. App. 2017) (unpublished opinion), our court distinguished *Bliss* to find it did not have jurisdiction to consider the exclusion of certain testimonial evidence—not presented under K.S.A. 2015 Supp. 60-455(d)—which the State sought to use to establish that the victim's demeanor toward the defendant changed after the incident, and from a friend of the defendant to whom he had discussed the events. The court found the victim was old enough to remember details and had "reported what happened to her to her [multiple family members] and the police at different times," all of whom would testify. 2017 WL 3202977, at *3. The court found the district court's omission of evidence did not prevent the State from proceeding with its case, and noted the State's claim was a run-of-the-mill pretrial evidentiary ruling. 2017 WL 3202977, at *3-4.

Very recently, our court considered whether a pretrial ruling by the district court excluding expert testimony "'substantially impaired the State's ability to prosecute'" its case. *State v. Harris*, 64 Kan. App. 2d 432, 439, 551 P.3d 240 (2024), *petition for rev. filed* July 23, 2024. Although the court acknowledged "'an order excluding evidence need not completely prevent the State from obtaining a conviction to substantially impair its ability to prosecute,'" it found the State had plenty of testimonial and physical evidence available to prosecute its case without the proposed expert testimony, particularly where the proposed testimony would only serve an ancillary role in the State's case. 64 Kan. App. 2d at 439 (quoting *State v. Myers*, 314 Kan. 360, 366, 499 P.3d 1111 [2021]). The *Harris* majority found our court lacked jurisdiction to consider the interlocutory appeal on that basis. Interestingly, though, the dissent in *Harris* examines whether our appellate courts have improperly and repeatedly misinterpreted K.S.A. 22-3603—which does not include a "substantial impairment" mandate in its language—to require the State to show substantial impairment of its case to take an interlocutory appeal. 64 Kan. App. 2d at 450-

64 (Isherwood, J., dissenting). Although the State has petitioned for our Supreme Court's review, we remain bound by our Supreme Court precedent imposing the "substantial impairment" standard. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017) (We are duty-bound to follow Kansas Supreme Court precedent absent some indication our Supreme Court is departing from its prior position.).

Here, we find the State's claim more analogous to the jurisdictional issues before the courts in *Bliss* and *Quinones-Avila*. As the State admits, the exclusion of the evidence "does not completely foreclose [it] from going forward with the prosecution." Even so, the State also correctly argues that outright preclusion of prosecution is not required to satisfy the substantial impairment test. Instead, we look at "just how important the disputed evidence is to the State's ability to make out a prima facie," or legally sufficient, case. *Sales,* 290 Kan. at 140.

Without the excluded testimony, the State's only evidence—as in many sexual misconduct cases—is the victims' testimony. And as in *Bliss*, the proffered evidence would substantially aid the State in establishing a relationship between the parties, a continuing course of conduct, and in corroborating the testimony of the complaining witnesses. 28 Kan. App. 2d at 594. Here, the State cannot present eyewitness testimony to the events reported by the minor victims, so the testimony of the adult relatives would support the credibility of the minor victims. And in this vein, the proffered testimony would assist in establishing a course of conduct between Nauman and his victims.

Like in *Quinones-Avila*, the type of case here—a sex crime—renders credibility essential. "Because of the nature of the offense, many sex crime cases reduce to a 'he said, she said' battle in which credibility and corroboration are crucial." *Quinones-Avila*, 2019 WL 3210224, at *4. As a result, "many sex crimes lack concrete evidence that a crime was committed, and the propensity evidence therefore is more demonstrative and necessary than propensity evidence in other kinds of prosecutions." *State v. Boysaw*, 309

9

Kan. 526, 534, 439 P.3d 909 (2019). Absent the excluded evidence here, the State's evidence comes down to the word of the victims.

We find the exclusion of the proffered evidence substantially impairs the State's ability to prosecute its case-in-chief. Accordingly, appellate review of the district court's order is appropriate, and we move to consider the merits of the State's appeal.

*K.S.A. 2023 Supp. 60-455(d) does not require strict similarity.*

Under K.S.A. 2023 Supp. 60-455(d), "in a criminal action in which the defendant is accused of a sex offense . . . evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." The Kansas Supreme Court established the following standard of review for appeals from K.S.A. 2020 Supp. 60-455(d):

> "'The admission of evidence involves several legal considerations: determining relevance; identifying and applying legal principles including rules of evidence; and weighing prejudice against probative value. We apply various standards of review during this process. First, we consider whether the evidence is relevant. All relevant evidence is admissible unless it is prohibited by statute, constitutional provision, or judicial precedent. K.S.A. 60-401(b) defines relevant evidence as "evidence having any tendency in reason to prove any material fact."
>
> "'Relevance has two elements: materiality and probativeness. Evidence is material when the fact it supports is in dispute or in issue in the case, and our standard of review for materiality is de novo. Evidence is probative if it has any tendency to prove any material fact, and we review a lower court's decision that evidence is probative for abuse of discretion. A judicial action constitutes an abuse of discretion if (1) it is arbitrary, fanciful, or unreasonable; (2) it is based on an error of law; or (3) it is based on an error of fact. A district court may still exclude relevant evidence if it finds its probative value is outweighed by its potential for producing undue prejudice. [Citations

10

omitted.]'" *State v. Jones*, 313 Kan. 917, 923, 492 P.3d 433 (2021) (quoting *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 [2021]).

Applicable here, a court's consideration of the admissibility of evidence can also require application of statutory rules controlling the admission and exclusion of certain types of evidence. Whether a specific legal principle or statutory rule governs the admission of particular evidence is a question of law subject to de novo review. *State v. Miller*, 308 Kan. 1119, 1166, 427 P.3d 907 (2018). "Appellate review of the trial court's application of the applicable legal rules and principles depends upon whether the rule or principle permits the trial court to exercise its discretion (abuse of discretion review) or whether the rule raises questions of law (unlimited review)." 308 Kan. at 1166. And appellate courts exercise de novo review of a challenge to the adequacy of the legal basis of a district judge's decision on admission or exclusion of evidence. *State v. Brown*, 307 Kan. 641, 644, 413 P.3d 783 (2018).

The State argues the district court erred in applying the statutory rule controlling the admission of prior sex acts evidence under K.S.A. 2023 Supp. 60-455(d) because the district court improperly required the prior sexual acts be similar to those charged. Specifically, the State contends the plain language of the statute, in addition to its legislative history, shows the Legislature did not intend to require similarity under K.S.A. 2023 Supp. 60-455(d). In response to this claim, Nauman argues the plain language of the statute does not require "'striking similarity'" for the evidence to be admissible but contends Kansas precedent still requires some element of similarity.

To support its argument, the State points to the plain language of K.S.A. 2023 Supp. 60-455(d). As recited above, this statute requires only three things for the evidence to be deemed admissible: (1) the defendant is currently charged with a sex offense under certain Kansas laws; (2) the same defendant has committed "another act or offense of sexual misconduct;" and (3) the evidence of such other sexual misconduct must be both

11

"relevant and probative." Here, the parties do not dispute that Nauman is currently charged with a sex offense or that the proffered testimony would fall under the category of other sexual misconduct. The dispute lies in the third requirement: that the proffered evidence be relevant and probative.

Considering the plain language argument, we are guided by the most fundamental rule of statutory construction: that is, the intent of the Legislature governs if that intent can be ascertained. An appellate court must first attempt to ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *State v. Keys*, 315 Kan. 690, 698, 510 P.3d 706 (2022). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 315 Kan. at 698; *State v. Betts*, 316 Kan. 191, 198, 514 P.3 341 (2022). And where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 316 Kan. 198.

Applying these principles, we find the State's argument persuasive. Nothing in the plain language of K.S.A. 2023 Supp. 60-455(d) requires the "evidence of the defendant's commission of another act or offense of sexual misconduct" to be similar to the crimes charged. Rather, the evidence "may be considered for its bearing on *any* matter to which it is *relevant* and *probative*." (Emphases added.) K.S.A. 2023 Supp. 60-455(d).

But even if the language of K.S.A. 2023 Supp. 60-455(d) were ambiguous on similarity, at least two other canons of statutory construction support the State's interpretation. For example, when considering K.S.A. 2023 Supp. 60-455 in its entirety, the language shows the Legislature imposed a similarity requirement under the previous subsection (c)—dealing with non-sexual offenses—but chose not to include such a

12

requirement under subsection (d). Compare K.S.A. 2023 Supp. 60-455(c) and (d). Under K.S.A. 2023 Supp. 60-455(c):

> "[I]n any criminal action other than a criminal action in which the defendant is accused of a sex offense . . . such evidence is admissible to show the modus operandi or general method used by a defendant to perpetrate *similar* but totally unrelated crimes when the method of committing the prior acts is so *similar* to that utilized in the current case before the court that it is reasonable to conclude the same individual committed both acts." (Emphases added.)

See *State v. Smith*, 311 Kan. 109, 114, 456 P.3d 1004 (2020) (holding courts must construe statutes to avoid unreasonable or absurd results and presume the Legislature does not intend to enact meaningless legislation). This comparison also supports an interpretation that K.S.A. 2023 Supp. 60-455(d) lacks a similarity requirement. See *State v. Prine*, 297 Kan. 460, 475, 303 P.3d 662 (2013) (*Prine II*) (describing section [c] as requiring "'strikingly similar'" acts but specifically noting, "This subsection explicitly does not apply to the sex offense prosecutions such as this").

Additionally, the legislative history of the statute suggests the same. Subsection (d) was added to K.S.A. 60-455 in 2009 as a direct response to the Kansas Supreme Court's decision in *State v. Prine*, 287 Kan. 713, 735, 200 P.3d 1 (2009) (*Prine I*). In *Prine I*, the court interpreted the prior version of K.S.A. 60-455 to find evidence of prior sexual abuse of a child was not admissible under the statute's plain language. Notably, the court opined that "evidence of prior sexual abuse of children is peculiarly susceptible to characterization as propensity evidence forbidden under K.S.A. 60-455, and thus, . . . convictions of such crimes are especially vulnerable to successful attack on appeal." *Prine I*, 287 Kan. at 737. And the court noted that "modern psychology of pedophilia tells us that propensity evidence may actually possess probative value for juries faced with deciding the guilt or innocence of a person accused of sexually abusing a child." 287 Kan. at 737. As a result, the *Prine I* court suggested it "may be time for the legislature to

13

examine the advisability of amendment to K.S.A. 60-455 or some other appropriate adjustment to the statutory scheme." 287 Kan. at 737.

This is precisely what the Legislature did. Three months later, the Kansas Legislature revised K.S.A. 60-455 to included subsection (d). See *Prine II*, 297 Kan. at 465 ("Amend the legislature did, just 3 months after our decision was issued."). Relevant here, the Legislature added subsections (c) and (d) to the former provisions of K.S.A. 60-455. But only subsection (c) required similarity. 297 Kan. at 465-66. Under new subsection (d), the *Prine II* court found evidence of other acts or offenses of sexual misconduct by a defendant is admissible to show propensity or any other matter to which it is relevant and probative. 297 Kan. at 476 ("But the legislature's intention to relax the prohibition on evidence of other acts or offenses of sexual misconduct to show propensity, indeed, and 'any matter to which it is relevant and probative' in sex crime cases is explicit in the statute's new subsection [d].").

Since K.S.A. 2009 Supp. 60-455(d) was added, multiple courts have addressed the admissibility of such evidence. When the Kansas Supreme Court affirmed its *Prine II* decision in *State v. Spear*, 297 Kan. 780, 789, 304 P.3d 1246 (2013), the court held: "In sex crime prosecutions, K.S.A. 2012 Supp. 60-455(d) explicitly allows evidence of other acts or offenses of sexual misconduct to show a propensity to commit such an act or crime and any other matter to which it is relevant and probative."

Six years later in *Boysaw*, 309 Kan. at 531, our Supreme Court reiterated the *Prine II* holdings and explained the effect of K.S.A. 2018 Supp. 60-455(d) "is to allow a jury to consider similar prior conduct for the purpose of determining whether a defendant has a propensity to engage in the conduct charged in the case on trial." Nauman relies on this quote to support his argument that "there is at least some element of similarity still required." But after making this statement, the *Boysaw* court reviewed the

14

constitutionality of K.S.A. 2018 Supp. 60-455(d) and went on to emphasize the breadth of the statute:

> "Paragraph (d) of K.S.A. 2018 Supp. 60-455 permits admission of evidence that the defendant committed another act or offense of sexual misconduct for the bearing that the evidence has 'on any matter to which it is relevant and probative.' The language is expansive and places little limitation on admitting such evidence." *Boysaw*, 309 Kan. at 539.

In *State v. Satchell*, 311 Kan. 633, 641, 466 P.3d 459 (2020), the Kansas Supreme Court opined that this issue—whether to admit evidence under K.S.A. 2019 Supp. 60-455(d)—"is often uncomplicated" because "[g]iven the broad wording of subsection (d), evidence that meets its criteria usually will be admissible."

In this vein, a panel of this court has found the plain language of K.S.A. 2017 Supp. 60-455(d) did not prohibit the admission of evidence of a defendant's commission of another act or offense of sexual misconduct that was not charged or convicted:

> "Thus, the plain language of K.S.A. 2017 Supp. 60-455(d) provides that there needs to be only 'evidence of the defendant's *commission* of another act or offense of sexual misconduct.' (Emphasis added.) In turn, under the plain language of K.S.A. 2017 Supp. 60-455(d), the State may admit evidence of a defendant's prior sexual misconduct even if that defendant was never charged and convicted for that sexual misconduct. In this case, the State alleged that although Brown pleaded guilty to simple battery . . . the facts of his . . . case established that he had committed the elements of a sexual battery. A sexual battery falls under '[article 55] of chapter 21 of the Kansas Statutes Annotated' as stated in K.S.A. 2017 Supp. 60-455(d). See K.S.A. 2017 Supp. 21-5505(a). So regardless of what Brown pleaded to, so long as evidence supported that Brown committed the elements of a sexual battery . . . when he grabbed S.W.'s breast, the plain language of K.S.A. 2017 Supp. 60-455(d) does not prohibit the admission of this evidence." *Brown*, 59 Kan. App. 2d at 491-92.

15

And more recently, the Kansas Supreme Court found a district court did not abuse its discretion by admitting the defendant's internet search history under K.S.A. 2019 Supp. 60-455(d)—conduct which was not necessarily "similar" to the crime with which he was charged. *State v. Scheetz,* 318 Kan. 48, 63-67, 541 P.3d 79 (2024). In *Scheetz,* the State charged the defendant with multiple sex crimes involving minors. 318 Kan. at 50. Before trial, the State sought to admit evidence of Scheetz's internet search history under K.S.A. 2019 Supp. 60-455(d), describing how the evidence would demonstrate his involvement in "'search[ing] for and/or view[ing] child pornography.'" 318 Kan. at 63.

Defense counsel objected on relevancy grounds, but the district court admitted the evidence. On appeal to this court, the panel agreed with Scheetz and found the evidence was irrelevant to prove his propensity to commit the charged crime. *State v. Scheetz,* 63 Kan. App. 2d 1, 29, 524 P.3d 424 (2023). But the Kansas Supreme Court disagreed and found the evidence was relevant because it was material and probative. 318 Kan. at 64-65. Applicable here, the *Scheetz* court reasoned:

> "First, we consider materiality. Recall the district court correctly found the evidence relevant to establish Scheetz' sexual attraction towards young girls and a stepfather-stepdaughter theme. It determined the evidence was relevant because sexual exploitation of a child requires the State prove sexual attraction beyond a reasonable doubt. . . . To demonstrate Scheetz' specific intent and sexual attraction to underage girls, the State presented his search history with [sexually explicit search language related to underaged girls]. We hold Scheetz' sexual desire for underage girls constituted a material fact in the child exploitation charge. [Citation omitted.]" 318 Kan. at 64.

As required by K.S.A. 2019 Supp. 60-455(d), the *Scheetz* court reviewed the relevance—materiality plus probativeness—of the evidence, without injecting a similarity requirement. And we note that, in its relevance analysis, the court emphasized "'the low threshold suggested by the "any tendency" standard for relevance found in K.S.A. 60-

16

401[b].'" 318 Kan. at 66; K.S.A. 60-401(b) ("'Relevant evidence' means evidence having any tendency in reason to prove any material fact.").

Turning back to the district court's decision now on appeal, we review its findings under a de novo standard to determine whether the district court applied the proper legal test at the outset. *Brown*, 307 Kan. at 644. Because we find the legal standard applied by the district court was erroneous, we need not examine the other legal principles and standards applicable along the progression of the K.S.A. 2023 Supp. 60-455(d) analysis. See *Jones*, 313 Kan. at 923 (outlining "'several legal considerations'" in a review of K.S.A. 2020 Supp. 60-455[d] evidence).

The district court's oral findings, in pertinent part, outlined:

> "While the State believes that these acts charged are similar to the acts of the proposed testimony of the older [relatives], the Court believes that the acts charged and the propensity evidence are similar only in that both situations are acts committed against the defendant's [relatives].
>
> "However, the acts charged are more of a fondling and touching nature, while the acts against the two older [relatives] are much more serious and involve penetration and acts of an oral nature. *The Court does not believe that the crimes are similar*.
>
> . . . .
>
> "[Because acts against one of the older [relatives] were alleged to have occurred when she was 18 and 19 years old—no longer a child], they do not show a propensity to commit sex acts against children, such as are alleged in the current crime.
>
> "They could, however, show a propensity to violate his own [relatives]. [But t]he acts involved and the ages of the victims are quite different, and *the Court questions whether they are truly similar*.
>
> "K.S.A. 60-455 has been amended to allow acts of sexual misconduct to be admitted to show a propensity to commit *similar* offenses." (Emphases added.)

As indicated above, K.S.A. 2023 Supp. 60-455(d) requires only that the proffered evidence be relevant and probative. Here, the district court made no finding on relevance. Instead, it injected a requirement of "similarity" into its analysis. True, the district court continued by examining the probativeness of the evidence and weighing its probative value against its potential for prejudice, as is required. See *Satchell*, 311 Kan. at 641. But the similarity requirement pervaded the district court's analysis. For example, while weighing the potential prejudice, the district court found, "The evidence that the State seeks to admit is much more serious and extensive than the acts which have been charged," and "the acts the State offers to admit are more detailed and extensive than the crimes charged." This injection of a similarity requirement was an error of law and we reverse the district court's decision on this basis.

Although multiple other legal considerations go into the admission or exclusion of 2023 Supp. K.S.A. 60-455(d) evidence, we need not delve into the remainder of the district court's analysis given our finding of legal error in the standard applied. Additionally, although the State suggests as a potential partial remedy that we order the district court to parse its order by excluding the adult relatives' testimony on more serious allegations and admitting only the evidence of sexual fondling, this question was not presented to the district court in any fashion. So, then, it is improper for us to consider such a remedy—despite how enticing or appropriate this solution appears. See *State v. Green*, 315 Kan. 178, 182, 505 P.3d 377 (2022) (issues not raised before the district court cannot be raised on appeal). The State is not precluded from arguing on remand that at least certain parts of the adult relatives' proffered testimony should be admitted at trial.

We reverse the district court's decision to exclude the State's proffered testimony of Nauman's adult relatives and remand the issue to the district court for reconsideration consistent with the appropriate legal standard and above discussion.

Reversed and remanded with directions.