(18 P.3d 979)
No. 85,616

State of Kansas, *Appellant*, v. Richard M. Bliss, *Appellee*.

Opinion filed February 9, 2001.

*Lannie C. Ornburn, Jr.,* and *W. Scott Toth,* assistant district attorneys, *Paul J. Morrison,* district attorney, and *Carla J. Stovall,* attorney general, for appellant.

*J. Ryan Hare* and *Thomas J. Erker,* of Erker, Norton & Hare, L.L.C., of Olathe, for appellee.

Before Gernon, P.J., Knudson and Beier, JJ.

Knudson, J.: The State brings this interlocutory appeal challenging the district court's pretrial ruling that under *State v. Crossman,* 229 Kan. 384, 624 P.2d 461 (1981), other instances of sexual misconduct between the defendant Richard Bliss and the complaining witness, G.W., would not be admissible at trial. The district court reasoned that *Crossman* permits only evidence of *prior* acts and, alternatively, the prior acts were not sufficiently similar in nature to the underlying acts in the pending criminal complaint. We reverse and remand because *Crossman* does not preclude admission of the proffered evidence.

Bliss is charged with two counts of aggravated indecent liberties with G.W., contrary to K.S.A. 21-3504. The acts are alleged to have occurred in Count I between July 1, 1998, and September 1, 1998, and in Count II between November 1, 1998, and May 1, 1999. G.W. was 14 years old at the time of the offenses. Prior to trial, the State presented a motion to admit evidence under K.S.A. 60-455, or as res gestae, or under *Crossman*. The district court denied the State's motion. The State has only appealed the court's adverse ruling regarding admissibility under *Crossman*.

*Crossman* was a direct appeal by the defendant with one issue being whether the district court had erred in allowing evidence of other instances of sexual misconduct to be introduced at trial. The Supreme Court, in upholding the decision of the district court, concluded:

"[I]n cases of crimes involving illicit sexual relations or acts between an adult and a child, evidence of *prior* acts of similar nature between the same parties is admissible independent of K.S.A. 60-455 where the evidence is not offered for the purpose of proving distinct offenses, but rather to establish the relationship of the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness as to the act charged." (Emphasis added.) 229 Kan. at 387.

With the above reasoning from *Crossman* clearly fixed in our minds, we turn next to the State's proffer in this case.

Beginning in the summer of 1998, Bliss befriended G.W. Bliss and G.W. began spending more time together. Bliss began taking G.W. on trips and bought him a membership to a local athletic club where they would play racquetball together. Bliss also belonged to a hunting club in Linn County, Kansas, where he would periodically take G.W. to spend the night and go hunting. G.W. advised investigators that as his relationship with Bliss progressed, it became sexual.

During late spring and fall of 1998, Bliss would give G.W. pornographic magazines and would watch pornographic movies with G.W. at Bliss' residence. During the movies, Bliss would remove his clothing and masturbate, encouraging G.W. to do the same. G.W. and Bliss then masturbated while they watched movies. This type of conduct continued until, on at least two but probably more

occasions, Bliss would masturbate G.W. and G.W. would masturbate Bliss.

In the spring of 1999, Bliss arranged for G.W. to have sex with a prostitute in Kansas City, Kansas. G.W. told investigators that Bliss took him to the Days Inn Motel across from the KU Medical Center and bought a room. A short time later, a prostitute arrived and proceeded to have sex with both G.W. and Bliss. This incident has been confirmed by the Kansas City, Kansas Police Department. Records at the Days Inn show Bliss had checked into the motel on March 11 and March 12, 1999. A motel worker recognized Bliss and stated that he sometimes stayed at the Days Inn twice a week. Another employee of the Days Inn stated Bliss has been coming to the motel for years, always accompanied by young boys described as being 15-16 years old. Officers confirmed Bliss had visited the motel on 36 occasions from March 1998 through June 1999. Bliss was charged in Wyandotte County, Kansas, based upon the above-stated information. At a preliminary hearing, the district court found probable cause and bound the case over for trial.

In addition to incidents at Bliss' residence and at the Days Inn, G.W. would testify about incidents that occurred at the hunting and fishing club in Linn County, Kansas. In the spring of 1999, Bliss took G.W. and a friend to the hunting and fishing club. Once at the club, Bliss put a pornographic movie in the VCR and began to play it on television. Bliss told the boys they were going to play a card game where the loser had to remove an article of clothing. When they were all completely nude, Bliss told both of the boys to masturbate with him, which they did. Bliss then told the boys that masturbation was something he had done with his sons and his father had done with him.

Based upon the above proffer by the State, the district court denied admission of the evidence under K.S.A. 60-455, or res gestae, or *Crossman*. The court limited its ruling to admissibility of the evidence proffered. The court also stated if Bliss' theory of defense was to substantially change or should an independent basis for admitting the other crimes evidence arise at trial, the court would reconsider admissibility. The State has filed a timely appeal,

contending the district court misinterpreted and misapplied *Crossman* in its ruling.

However, Bliss contends we should not exercise appellate jurisdiction because the district court's ruling does not substantially impair the State's prosecution.

The right to an appeal by the State is authorized by statute. If there is no statutory authority for an appeal, then it must be dismissed. *State v. Nuessen*, 23 Kan. App. 2d 456, 458, 933 P.2d 155 (1997). Appellate review of district court rulings on pretrial motions which may be determinative of the case is permitted by K.S.A. 22-3603. *State v. Newman*, 235 Kan. 29, 35, 680 P.2d 257 (1984). "Such interlocutory appeals are permitted 'only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired,' and the State should be prepared to make such a showing where jurisdiction is challenged by the appellee." *Nuessen*, 23 Kan. App. 2d at 459. "In *State v. Huninghake*, 238 Kan. 155, 157, 708 P.2d 529 (1985), the court elaborated on the definition of 'substantially impairs' and held that '[s]uppression rulings which seriously impede, although they do not technically foreclose, prosecution can be appealed under K.S.A. 22-3603.' " *State v. Berberich*, 267 Kan. 215, 219, 978 P.2d 902 (1999).

In its ruling, the district court noted the importance of the evidence to the State: "There is no doubt that the proffered evidence would substantially aid the State in establishing a relationship between the parties, a continuing course of conduct, or in corroborating the testimony of the complaining witness."

We agree. The proffered evidence is of substantial importance to the State's case in chief. G.W.'s credibility will be at issue because there were no eyewitnesses to the events alleged to have occurred at Bliss' house. The evidence would bolster G.W.'s credibility. There also would be corroborative testimony that Bliss took G.W. to a motel in Kansas City for the purpose of having illicit sexual relations. There would also be corroborative testimony of Bliss making sexual advances toward G.W. at the hunting lodge in Linn County. Further, this evidence could aid in establishing a course of conduct between the parties. We conclude suppression

of the proffered evidence substantially impairs the State's ability to prosecute its case in chief. Consequently, appellate review of the district court's order is appropriate.

The district court ruled the proffered evidence was inadmissible under *Crossman* because whether the proffered acts occurred prior to the acts charged is uncertain. The court found the cases which have followed *Crossman* have also used the term "prior" and stated it was bound by that language. Evidentiary rulings are normally within the sound discretion of the trial court. *State v. Lumley*, 266 Kan. 939, 950, 976 P.2d 486 (1999). To resolve this particular issue, however, this court is required to interpret the law as stated in *Crossman*. Questions of law are subject to unlimited review. *State v. Rome*, 269 Kan. 47, 50, 5 P.3d 515 (2000).

The discussion in *Crossman* did not focus on the specific testimony of the victim about prior sexual encounters with defendant. It focused on whether the testimony was offered for the purpose of establishing the relationship between the parties, the existence of a continuing course of conduct between the parties, or to corroborate the testimony of the complaining witness. 229 Kan. at 385-87. In fact, the victim in *Crossman* testified about other sexual acts between herself and defendant in general terms as opposed to specific accounts of dates, times, and places. Further, the *Crossman* court felt it important to include in its discussion a reference to 22A C.J.S., Criminal Law § 691 (31), p. 880 (1961), which states in part: " '[E]vidence of other similar acts with the same child is admissible, *whether such other acts occurred before or after the act charged* . . . to show the relationship and familiarity of the parties, accused's intent, and to corroborate the testimony of the prosecuting witness as to the act charged.' " (Emphasis added.) 229 Kan. at 386-87.

K.S.A. 60-455, much like the Corpus Juris Secundum annotation previously cited, also does not distinguish between prior and subsequent acts. To do so would lead to illogical results. In a case such as this, where acts are alleged to have occurred in different counties, one county would be able to use evidence of other acts in its prosecution, assuming the evidence is otherwise admissible, while the other county would not, solely based upon when each act took

place. This position is also bolstered by the fact that children often forget exact times and dates certain instances may have occurred.

Clearly, there is no logical basis to treat acts which happened subsequent to the complained-of act differently than those which happened prior to the complained-of act for *Crossman*-type purposes. The district court erred on this limited issue in ruling the proffered evidence inadmissible due solely to the uncertainty with regard to the date different events allegedly occurred.

The district court also found the proffered evidence inadmissible under *Crossman* because the acts were not sufficiently similar in nature to the criminal acts now charged against Bliss. The State contends this was also an erroneous reason to exclude the evidence. Upon this subissue, we must consider whether the district court abused its sound judicial discretion. See *State v. Sexton*, 256 Kan. 344, Syl. ¶ 2, 886 P.2d 811 (1994).

In *State v. Green*, 232 Kan. 116, 121, 652 P.2d 697 (1982), the Supreme Court held evidence of a discordant marital relationship was admissible in the defendant's trial for murder of his wife independent of K.S.A. 60-455 and without a limiting instruction. The evidence was admitted to show the relationship of the parties, not that the prior acts were of a similar nature.

In *State v. Moore*, 242 Kan. 1, 8-9, 748 P.2d 833 (1987), the Supreme Court further explained its holdings in *Green* and *Crossman*, stating:

"*Green* was based upon the high degree of relevance that the evidence had to corroborate the testimony of a witness as to the act charged, to establish the relationship of the parties, or to establish the existence of a continuing course of conduct between the parties. [Citation omitted.] As in *Crossman*, a key part of the defense in the present case was an attack upon the credibility of the victim's testimony. The *Crossman* court based its ruling, not upon the failure of the defendant to request a limiting instruction, but upon its finding that '[t]he entire complex family relationship, including prior sexual encounters between Lori and defendant, is highly relevant in this case' to the credibility of the victim's testimony. [Citation omitted.]"

In this case, we believe the district court erred, unduly emphasizing the lack of similarity of the prior acts with the underlying acts of the crime charged while overlooking the relevancy of the

evidence under *Crossman*. The evidence tends to establish Bliss' continuing wrongful sexual relationship with a minor and corroborates the child's testimony as to the acts charged. Thus, unlike K.S.A. 60-455 evidence to establish identity, the general nature of the Wyandotte and Linn County incidents was similar for the purpose of admission under *Crossman*.

Accordingly, we reverse the district court and remand for further proceedings consistent with our opinion.