NOT DESIGNATED FOR PUBLICATION

No. 127,455

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

CITY OF LEAWOOD,
*Appellant*,

v.

ISHAQ NOORI,
*Appellee*.

MEMORANDUM OPINION

Appeal from Johnson District Court; TIMOTHY MCCARTHY, judge. Submitted without oral argument. Opinion filed November 22, 2024. Reversed and remanded with directions.

*Kelci L. Weber*, assistant city attorney, of Leawood, for appellant.

*W. Scott Toth*, of Garretson & Toth, LLC, of Olathe, for appellee.

Before COBLE, P.J., GARDNER, J., and CARL FOLSOM III, District Judge, assigned.

PER CURIAM: The City of Leawood (the City) appeals the Johnson County District Court's denial of its motion to admit evidence under K.S.A. 60-455 in Ishaq Noori's prosecution for sexual battery and illegal contact by a massage licensee. The City contends that the suppression of the evidence substantially impaired its prosecution and that the district court abused its discretion in refusing to permit admission of the evidence. After thorough consideration of the record, we reverse the district court's decision to exclude the testimony and remand the matter for the district court to reconsider the City's motion using the proper legal standard.

1

Noori was a massage therapist at a Leawood spa and the alleged victim, to whom we refer under the pseudonym Jane, was his client. According to Jane, when she returned for a follow-up massage appointment with Noori, he inappropriately massaged her breasts and nipples and touched her body—including her hips and very close to her groin—in other unseemly ways. Jane contacted the police, and an officer cited Noori with municipal offenses. The citation was later amended by the city prosecutor. The amended citation charged Noori with sexual battery and illegal contact by a licensed masseuse, both violations of the City's municipal code.

In the municipal court, the City sought to admit allegations of similar sexual misconduct by Noori almost five years prior at a massage parlor in Kansas City, Missouri. In that instance, the alleged victim, Mary (also a pseudonym) reported to police that Noori, her massage therapist, had inappropriately massaged her breasts and nipples and touched her groin area in a significantly similar manner to what Jane had reported. In Mary's case, the local prosecutor declined to bring criminal charges against Noori. The municipal court granted the motion, and the alleged victims of both events testified at trial. If the trial of the municipal court proceedings was recorded, any such recording was not included in the appellate record.

The municipal court convicted Noori of both counts and sentenced him to a controlling jail sentence of 365 days but suspended the sentence, granting Noori probation after serving 10 days in jail. The court also imposed a fine of $1,000. Noori was advised of his duty to register as a sex offender.

Noori appealed his conviction to the district court. Before trial, the City again moved to admit evidence of the prior Missouri incident under K.S.A. 60-455. The district court held a hearing, at which Noori's counsel challenged the admission of the evidence

to demonstrate intent or the absence of mistake because Noori was not claiming he touched Jane inappropriately by accident or mistake. He simply denied touching her inappropriately at all.

Defense counsel also objected to the City's failure to present the Missouri witness at the hearing. Counsel argued that the admission of K.S.A. 60-455 evidence relies on the court's consideration of several factors, including the similarity of the prior event to the present crimes and reliability of the prior evidence. Counsel contended the district court could not properly weigh the probative value of the evidence against the risk of unfair prejudice without developing these factors, which required the presence of the witness since the court lacked a transcript or record of the municipal court proceedings.

After the City provided rebuttal argument the district court judge denied the motion to admit the K.S.A. 60-455 evidence. The district court later filed a written order denying the motion but simply referenced its oral ruling.

The City filed a timely interlocutory appeal.

ANALYSIS

The City argues the district court erred by excluding the proposed evidence. But before we can address the merits of the City's appeal, we must determine a threshold issue—whether we can consider the appeal at all.

*We Have Jurisdiction Over the State's Interlocutory Appeal*

In Kansas, appellate jurisdiction is entirely statutory. As such, an appellate court may exercise jurisdiction only as authorized by statute. *State v. Garcia-Garcia*, 309 Kan. 801, 806, 441 P.3d 52 (2019). The existence of appellate jurisdiction raises a question of

3

law, which an appellate court may raise on its own initiative. 309 Kan. at 806. Prosecutorial authority to take an appeal is severely limited to specified circumstances. See *State v. Mulleneaux*, 316 Kan. 75, 80-81, 512 P.3d 1147 (2022).

In its notice of appeal, the City referred to both K.S.A. 22-3602 and K.S.A. 22-3603 as authority for its appeal. In its brief, though, the City does not argue for application of K.S.A. 22-3602 and, as a result, has waived or abandoned the argument. See *State v. Slusser*, 317 Kan. 174, 181, 527 P.3d 565 (2023). In any event, only K.S.A. 22-3603 provides a colorable basis for appeal under the circumstances of this case.

The City appropriately relies on K.S.A. 22-3603 for appellate jurisdiction:

> "When a judge of the district court, prior to commencement of trial of a criminal action, makes an order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission an appeal may be taken by the prosecution from such order if notice of appeal is filed within 14 days after entry of the order. Further proceedings in the trial court shall be stayed pending determination of the appeal." K.S.A. 22-3603.

Despite the language used in K.S.A. 22-3603, Kansas appellate courts have not limited the scope of prosecutorial interlocutory appeals to suppression of evidence obtained in violation of a criminal defendant's constitutional rights. *State v. Newman*, 235 Kan. 29, 34, 680 P.2d 257 (1984). Appellate courts have permitted a prosecutor an interlocutory appeal from a district court's denial of a request for the admission of propensity evidence under K.S.A. 22-3603. See *State v. Bliss*, 28 Kan. App. 2d 591, 592-95, 18 P.3d 979 (2001); *State v. Nauman*, No. 126,911, 2024 WL 3912970, at *5 (Kan. App. 2024) (unpublished opinion).

Nevertheless, expanding the scope of K.S.A. 22-3603 to include non-constitutional evidentiary rulings does not mean a prosecutor may take an interlocutory

4

appeal from every and any adverse evidentiary ruling. The Kansas Supreme Court has added a judicial gloss to K.S.A. 22-3603 to require the prosecutor to demonstrate that the suppressed evidence substantially impairs his or her ability to prosecute the case. *State v. Myers*, 314 Kan. 360, 366, 499 P.3d 1111 (2021). The suppression or exclusion of evidence need not completely prevent the prosecution from obtaining a conviction, but the omission of the evidence at trial must be more than a mere inconvenience. *Newman*, 235 Kan. at 35 ("Interlocutory appeals are to be permitted only where the pretrial order suppressing or excluding evidence places the State in a position where its ability to prosecute the case is substantially impaired."). The court must assess the evidence available to the prosecution to determine the importance of the disputed evidence in the prosecution's ability to establish a prima facie case. Evidence subject to a discretionary standard of admission is less likely to substantially impair the prosecution's ability to present its case. *State v. Sales*, 290 Kan. 130, 140, 224 P.3d 546 (2010).

The prosecution must be prepared to establish impairment to its case to establish appellate jurisdiction under K.S.A. 22-3603. *Newman*, 235 Kan. at 35. The City argues the suppression of this evidence meets this standard. It contends Noori's prior conduct in Missouri is "nearly identical" to the conduct charged in this case, and the evidence would not only show Noori's propensity to commit such acts but would corroborate Jane's testimony. Jane is the City's sole witness, and because sexual misconduct cases are so often "he said-she said" events, the City explains the admission of this evidence is critical.

We have previously found substantial impairment in cases with similar facts. For example, in *Nauman*, as in this case, a defendant was charged with sex crimes (though in *Nauman* the alleged victim was a child). The prosecution sought to introduce evidence of other, uncharged sex crimes through the testimony of two adults who claimed to have been victims of Nauman's sexual abuse when they were children. The district court excluded the testimony under K.S.A. 60-455, and the State filed an interlocutory appeal

5

under K.S.A. 22-3603. In considering appellate jurisdiction, the *Nauman* court reviewed several appellate court decisions which fell on both sides of the question whether the exclusion of evidence impaired the prosecution. Relying primarily on *Bliss* and *State v. Quinones-Avila*, No. 120,505, 2019 WL 3210224, at *3-5 (Kan. App. 2019) (unpublished opinion), the court reasoned:

> "Without the excluded testimony, the State's only evidence—as in many sexual misconduct cases—is the victims' testimony. And as in *Bliss*, the proffered evidence would substantially aid the State in establishing a relationship between the parties, a continuing course of conduct, and in corroborating the testimony of the complaining witnesses. 28 Kan. App. 2d at 594. Here, the State cannot present eyewitness testimony to the events reported by the minor victims, so the testimony of the adult relatives would support the credibility of the minor victims. And in this vein, the proffered testimony would assist in establishing a course of conduct between Nauman and his victims.
>
> "Like in *Quinones-Avila*, the type of case here—a sex crime—renders credibility essential. 'Because of the nature of the offense, many sex crime cases reduce to a "he said, she said" battle in which credibility and corroboration are crucial.' *Quinones-Avila*, 2019 WL 3210224, at *4. As a result, 'many sex crimes lack concrete evidence that a crime was committed, and the propensity evidence therefore is more demonstrative and necessary than propensity evidence in other kinds of prosecutions.' *State v. Boysaw*, 309 Kan. 526, 534, 439 P.3d 909 (2019). Absent the excluded evidence here, the State's evidence comes down to the word of the victims." *Nauman*, 2024 WL 3912970, at *5.

Here, we find the facts of this case similar in many respects to *Nauman*, although they differ somewhat from the facts in *Bliss* and *Quinones-Avila*. In both cases cited within *Nauman*, the State sought to admit evidence of different uncharged acts of sexual violence against the same alleged victims of the charged offenses. Here, the evidence involves a different victim. Unlike in *Bliss* and *Quinones-Avila*, the excluded evidence here cannot be used to establish a course of conduct between Noori and Jane, necessarily. But the similarity between the conduct claimed by both alleged victims is the key to this excluded evidence and shows a propensity to commit sexual misconduct on massage

6

clients in specific ways. Exclusion of the evidence impairs the City's prosecution by requiring the fact-finder to evaluate its entire case based upon Jane's credibility alone, without other corroboration. But this is, ultimately, the underpinning for admission of K.S.A. 2023 Supp. 60-455(d) evidence in sexual misconduct cases.

Because credibility and corroboration are so crucial in these types of cases, we repeat and emphasize the rationale of our Supreme Court where it stated that "many sex crimes lack concrete evidence that a crime was committed, and the propensity evidence therefore is more demonstrative and necessary than propensity evidence in other kinds of prosecutions." *State v. Boysaw*, 309 Kan. 526, 534, 439 P.3d 909 (2019). Absent the excluded evidence, the City's case depends solely on the word of the single victim.

For these reasons, we find the exclusion of the proffered evidence substantially impairs the State's ability to prosecute its case-in-chief. Accordingly, appellate review of the district court's order is appropriate, and we move to consider the merits of the State's appeal.

*The District Court Erred in Its Exclusion of the K.S.A. 60-455 Evidence*

Our analysis turns to the district court's evidentiary ruling. The City contends that the district court improperly rejected its request to admit the evidence of the Missouri allegations under K.S.A. 2023 Supp. 60-455(b) and (d).

1. *Applicable Legal Principles*

K.S.A. 2023 Supp. 60-455(a) provides that evidence of a prior crime or civil wrong is inadmissible to establish a person's propensity to commit crimes or civil wrongs for the purpose of drawing an inference that the person committed a crime or civil wrong in the present case. Such evidence, however, may be admitted under K.S.A. 2023 Supp.

60-455(b) "when relevant to prove some other material fact including motive, opportunity, intent, preparation, plan, knowledge, identity or absence of mistake or accident."

Subsection (d) provides an exception to the general exclusion of propensity evidence specifically in cases involving sex offenses. In a prosecution for certain sex offenses, evidence of another act or offense of sexual misconduct may be "considered for its bearing on any matter to which it is relevant and probative." K.S.A. 2023 Supp. 60-455(d). Relevant and probative matters may include propensity to commit sexual misconduct. See *State v. Satchell*, 311 Kan. 633, Syl. ¶ 1, 466 P.3d 459 (2020) ("When a defendant is accused of a sex offense, evidence that the defendant has committed another act or offense of sexual misconduct is generally admissible to show the defendant's propensity to engage in such conduct under K.S.A. 2019 Supp. 60-455[d].").

Three primary considerations govern the admission of evidence under K.S.A. 60-455, and those considerations form the basis for appellate review. The first two considerations together constitute relevance; that is, relevance has two elements: materiality and probativeness. *State v. Jones*, 313 Kan. 917, 923, 492 P.3d 433 (2021). First, the evidence must be material. "Evidence is material when the fact it supports is in dispute or in issue in the case." *State v. Miller*, 308 Kan. 1119, 1167, 427 P.3d 907 (2018). An appellate court conducts unlimited review of the materiality of evidence. *State v. Claerhout*, 310 Kan. 924, 927-28, 453 P.3d 855 (2019).

Second, the evidence must be probative. Evidence is probative if it has any tendency to prove a disputed material fact. The appellate court reviews this consideration for an abuse of judicial discretion. 310 Kan. at 927-28.

Finally, if the evidence is relevant—that is, both material and probative—the court must consider whether its probative value outweighs its prejudicial effect. Under K.S.A.

60-455, a court may exclude evidence unless the probative value outweighs the risk of unfair prejudice, meaning a tie goes to exclusion of the evidence. An appellate court reviews this consideration for abuse of the district court's exercise of discretion. 310 Kan. at 927-28.

A court abuses its discretion when its decision is (1) arbitrary, fanciful, or unreasonable; (2) based on an error of law; or (3) based on an error of fact. *State v. Bilbrey*, 317 Kan. 57, 63, 523 P.3d 1078 (2023).

2. *The District Court Did Not Apply the Proper Legal Standard*

On appeal, the City challenges the district court's exclusion of the evidence on two grounds. First, the City contends that the district court improperly concluded that the evidence was inadmissible if it did not involve a conviction. Second, the City argues the district court abused its discretion in finding the potential for unfair prejudice outweighed the evidence's probative value.

To examine the persuasiveness of the City's arguments, we review the motion hearing during which the district court excluded the evidence. During the hearing, defense counsel argued Noori was "not claiming an innocent intent . . . not saying that it was a mistake. He's not saying it was an accident. [Noori was simply] saying he didn't do it. Period. . . . So there are no disputed issues regarding what was going through [his] mind." Defense counsel argued the Missouri case was not charged and never subjected to judicial review, and the prosecutor had decided not to charge Noori with a crime. Defense counsel also challenged the City's decision not to bring Mary before the district court to testify, despite her prior testimony before the municipal court. Counsel contended "we don't know how credible this person [Mary] is."

9

The City responded that Noori's counsel knew precisely what Mary's testimony would be because it had previously turned over all the evidence it had, and counsel was well aware of the content of the testimony because Mary had already testified during the municipal trial. It argued the events were "nearly identical regardless [of whether Noori] was charged in Platte County or not," so the evidence could not be ignored.

After asking questions of counsel, the district judge explained its previous experience with K.S.A. 60-455 motions in various settings, and its analysis of the City's motion was reduced to the following:

> "I appreciate the City's argument and their intent and that this is a sex case and that as [the prosecutor] said, may prove motive, intent and plan. But the analysis that I always went through on 60-455 was, number one, I want to know what the gap in time is between these alleged incidents; and number two, I would always ask are these convictions, you know, whether it's a domestic violence setting or something else.
>
> "And I appreciate your comment that she testified at municipal court and is very similar to the facts of this case, but I do believe that the Court needs to, as Mr. Toth said, be the gatekeeper in this case. This was a case in Platte County, Missouri, that, for whatever reason, as you said, was not—the prosecutor elected not to go forward on a charge, so I don't have a conviction. I don't have a charge in that case, and the final gate that I use in all of these, is I believe that there is potential extreme prejudice to the defendant in this case. And for those reasons, I've considered the City's motion and it will be denied."

As recited above, K.S.A. 2023 Supp. 60-455(d) outlines only three requirements for the offered evidence to be deemed admissible: (1) The defendant is currently charged with a sex offense under certain Kansas laws; (2) the same defendant committed a separate "act or offense of sexual misconduct"; and (3) the evidence of such other sexual misconduct must be both "relevant and probative." Here, the parties do not dispute that Noori is currently charged with a sex offense or that the proffered testimony would fall

10

under the category of other sexual misconduct. We find the crux of this case lies in the third requirement: that the proffered evidence be both relevant and probative.

In focusing here, we find fault in the district court's decision for reasons slightly different than those suggested by the City. Most importantly, we first draw attention to the fact that the district court simply failed to address the relevance—the *materiality* or *probativeness*—of the evidence. This alone amounts to an abuse of discretion because the district court failed to apply the proper legal test to the evidence presented. Neither requirement was discussed by the district court in its analysis, so we have no rulings to review on those necessary considerations.

Instead, the court concentrated only on the time between the two alleged incidents and whether the Missouri incident resulted in a conviction. The district court alluded to Mary's testimony at the municipal court and that the prior act was "very similar" to the charged conduct in this case, but again focused on the lack of a criminal charge or conviction on the Missouri conduct. But "other-acts evidence under K.S.A. 2019 Supp. 60-455(d) isn't limited solely to *convicted* acts of sexual misconduct." (Emphasis added.) *Satchell*, 311 Kan. at 642 (citing *State v. Prine*, 297 Kan. 460, Syl. ¶ 5, 303 P.3d 662 [2013]). And our Supreme Court has emphasized that "[t]he language [of K.S.A. 2018 Supp. 60-455(d)] is expansive and places little limitation on admitting such evidence." *Boysaw*, 309 Kan. at 539.

We exercise de novo review over the materiality of the offered evidence, and we have no doubt that it is, in fact, material. Whether Noori inappropriately touched his massage client is the ultimate question in this case, and whether he had engaged in similar conduct before was the focus of the offered evidence. And whether the offered evidence was probative—that is, if it has any tendency to prove a disputed material fact—must also be considered and was not. We then have no discretionary findings on

11

probativeness to review. But the striking parallels between the two alleged incidents could not be more evident.

In both cases, the women visited Noori due to back and neck pain. Both Jane and Mary were completely nude during their massages and began the incidents face down. Both victims claimed that, during their massages, Noori moved the cover off, exposing them, and began massaging one of their legs, then spread their legs and touched their groin and vaginal areas. Both women claimed Noori then moved to do the same to their other leg, spreading their legs and touching at or near their groin and vaginal areas. When Noori asked the women to turn onto their backs, they claimed Noori raised their arms above their heads and massaged, grabbed, and squeezed their breasts and nipples multiple times. In both alleged incidents, the women reported that Noori ended the massages as if nothing inappropriate had happened and offered each woman water. Although there is no similarity requirement found in K.S.A. 2023 Supp. 60-455(d), these parallels between the two alleged incidents could tend to prove whether Noori engaged in the claimed conduct. See *Nauman*, 2024 WL 3912970, at *1 (finding the district court legally erred by injecting a similarity requirement into its analysis that is not found in K.S.A. 2023 Supp. 60-455[d]).

The district court's failure to address the materiality or probativeness of the offered evidence was erroneous, and we must return the issue to the district court for a new hearing on that basis alone. But we note that although the district court appeared to engage in the final necessary prong of analysis by considering the potential for unfair prejudice, it did not articulate what the "potential extreme prejudice to the defendant" would be, or how that amorphous prejudice would amount to something greater than the prejudice present in any K.S.A. 2023 Supp. 60-455(d) situation. And while propensity evidence is generally inadmissible in other contexts, in part because it is unduly prejudicial, our Legislature's intention in subsection (d) was explicitly "to relax the prohibition on evidence of other acts or offenses of sexual misconduct to show

12

propensity, indeed, and 'any matter to which it is relevant and probative' in sex crime cases." *Prine*, 297 Kan. at 476.

We focus on the admissibility of the offered evidence under K.S.A. 2023 Supp. 60-455(d), although we recognize the City presented some arguments both before the district court and on appeal regarding its admissibility under K.S.A. 2023 Supp. 60-455(b), to which Noori generally responded. But this appeal could not present a clearer question of the admissibility of "evidence of the defendant's commission of another act or offense of sexual misconduct" under K.S.A. 2023 Supp. 60-455(d); it is not a K.S.A. 2023 Supp. 60-455(b) issue. And we hearken to our Supreme Court's decision in *Satchell*, where it opined that this issue—whether to admit evidence under K.S.A. 2019 Supp. 60-455(d)—"is often uncomplicated" because "[g]iven the broad wording of subsection (d), evidence that meets its criteria usually will be admissible." 311 Kan. at 641.

We reverse the district court's decision to exclude the City's proffered testimony of Mary and remand the issue to the district court for reconsideration consistent with the appropriate legal standards and above discussion.

Reversed and remanded with directions.

\* \* \*

FOLSOM, J., dissenting: The majority wrongly holds that the district court abused its discretion when it excluded the K.S.A. 60-455 evidence. In my view, the district court sufficiently analyzed the State's motion to admit the evidence, and its decision is entitled to deference by this court. Any alleged deficiencies in the district court's findings are unpreserved for review because the City failed to raise those issues before the district court. For these reasons, I respectfully dissent.

Under K.S.A. 2023 Supp. 60-455(d), "in a criminal action in which the defendant is accused of a sex offense . . . , evidence of the defendant's commission of another act or offense of sexual misconduct is admissible, and may be considered for its bearing on any matter to which it is relevant and probative." But even if the evidence is admissible, a district court may still exclude the evidence under K.S.A. 60-445 if its probative value is substantially outweighed by the risk of unfair prejudice. *State v. Satchell*, 311 Kan. 633, 640, 466 P.3d 459 (2020). A trial court must make these two decisions when determining whether to exclude evidence of alleged prior sexual misconduct under K.S.A. 2023 Supp. 60-455(d).

The majority focuses on the first question of admissibility. The opinion cites *Satchell*, which held that "[t]he first of the decisions—whether to admit evidence under K.S.A. [2023] Supp. 60-455(d)—is often uncomplicated." 311 Kan. at 641. But as *Satchell* further explains, the focus of the analysis is thus often on the "second decision— whether the probative value of this evidence was substantially outweighed by the risk of unfair prejudice." 311 Kan. at 641. This second question was where the district court focused its attention.

In determining the "probative value, the court should consider (1) how clearly the prior acts were proved; (2) how probative the evidence is of the material fact sought to be proved; (3) how seriously disputed the material fact is; and (4) whether the government can obtain any less-prejudicial evidence." 311 Kan. at 641 (citing *State v. Boysaw*, 309 Kan. 526, Syl. ¶ 8, 439 P.3d 909 [2019]). In considering the potential for unfair prejudice, the district court should consider the following nonexclusive factors: "(1) the likelihood that the evidence will contribute to an improperly based jury verdict; (2) whether the evidence will distract the jury from the central trial issues; and (3) how time consuming the evidence will be." 311 Kan. at 643.

The district court did not discuss each of these factors and did not say the words "probative value"—but it did explain how it determines the weight to be given to evidence of alleged prior misconduct under K.S.A. 60-455 (i.e., the probative value). See K.S.A. 60-445. The district court stated that it weighs these prior allegations based on whether there was a gap in time or whether the allegations were corroborated by a conviction:

> "[T]he analysis that I always went through on 60-455 was, number one, I want to know what the gap in time is between these alleged incidents; and number two, I would always ask are these convictions, you know, whether it's a domestic violence setting or something else."

The district court then moved to the next step of the analysis—it weighed the probative value of the proffered evidence against the prejudicial effect of its admission:

> "And I appreciate your comment that she testified at municipal court and is very similar to the facts of this case, but I do believe that the Court needs to, as Mr. Toth said, be the gatekeeper in this case. This was a case in Platte County, Missouri, that, for whatever reason, as you said, was not—the prosecutor elected not to go forward on a charge, so I don't have a conviction. I don't have a charge in that case, and the final gate that I use in all of these, is I believe that there is potential extreme prejudice to the defendant in this case. And for those reasons, I've considered the City's motion and it will be denied."

After the district court's ruling on this issue, the City did not ask the court for more specific findings of fact or conclusions of law.

Whether to admit evidence under K.S.A. 2023 Supp. 60-455(d) and whether to exclude evidence under K.S.A. 60-445 are discretionary decisions the trial court gets to

15

make in the context of other evidence and arguments. We review these rulings only for abuse of discretion. 311 Kan. at 640-41.

Using this standard, I would hold that the district court did not abuse its discretion in its K.S.A. 60-455 analysis. The district court could've been more thorough—as it seemed to skip the question of admissibility and went straight to the K.S.A. 60-445 question of weighing prejudice versus probative value. It also did not discuss the factors set out in *Satchell* and *Boysaw* on the K.S.A. 60-445 issue. But the court explained how it viewed the weight to be given to the allegations of prior misconduct (i.e., the probative value). And the court's ruling centered on its view of how clearly the prior acts were proven, given the lack of charge or conviction. Ultimately, the district court concluded that the probative value of the evidence was outweighed by the prejudicial effect to the defendant, consistent with the analysis required by K.S.A. 2023 Supp. 60-455(d), K.S.A. 60-445, and *Satchell*.

The majority holds that the district court's lack of findings on the admissibility— the first step of the analysis under K.S.A. 2023 Supp. 60-455(d)—constituted a legal error, and thus an abuse of discretion. But generally, the party claiming error on this ground has the burden to object to the findings of fact and conclusions of law to give the district court an opportunity to correct any alleged inadequacies. *State v. Espinoza*, 311 Kan. 435, 436-37, 462 P.3d 159 (2020). Because the City failed to object to the district court's findings of fact and conclusions of law, it should not prevail on appeal on these grounds.

In my view, the district court sufficiently decided the issue before it. The court analyzed the probative value of the evidence and weighed it against the undue prejudice to Noori. Because the City failed to demand additional findings in the district court, I do not find an abuse of discretion in the district court's ruling. Thus, I would affirm.

16