NOT DESIGNATED FOR PUBLICATION

No. 127,034

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellant*,

v.

JAMES EVERETT,
*Appellee*.

MEMORANDUM OPINION

Appeal from Harvey District Court; MICHAEL LLAMAS, judge. Submitted without oral argument. Opinion filed January 31, 2025. Appeal dismissed.

*Natalie Chalmers*, assistant solicitor general, and *Kris W. Kobach*, attorney general, for appellant.

*Brent A. Boyer*, of Boyer & Price Law Office, P.A., of McPherson, for appellee.

Before ATCHESON, P.J., HURST and PICKERING, JJ.

PICKERING, J.:  The State charged James Everett with nine counts of sex offenses, including rape, aggravated criminal sodomy, and aggravated indecent liberties, allegedly committed against H.E. and M.E. over a seven-year period. Before trial, the State moved to present the two victims' statements that Everett sexually touched them many times as propensity evidence under K.S.A. 2022 Supp. 60-455(d). The district court denied the motion. The State filed an interlocutory appeal from the district court's ruling.

On appeal, the State contends the district court abused its discretion in excluding the victims' statements. The State argues the statements contextualize the victims'

allegations and that the risk of prejudice is low. After reviewing the record, we find we lack jurisdiction over this appeal because the district court's exclusion of the State's proposed evidence under K.S.A. 2022 Supp. 60-455 evidence did not substantially impair the State's prosecution. Thus, we must dismiss the appeal.

FACTUAL AND PROCEDURAL BACKGROUND

*Alleged Sexual Abuse by Everett*

On July 27, 2020, H.E. and M.E. disclosed their experiences of alleged sexual abuse by Everett. At the time of their disclosures, H.E. was 16 years old and M.E. was 12 years old. H.E. and M.E. each described multiple incidents in which Everett made them touch his genitals or he touched their genitals or other private parts.

In her disclosure, H.E. alleged Everett began sexually abusing her when she was about seven years old. The first instance of alleged abuse occurred at Everett's house. H.E. reported how Everett told her that she "wanted it" several times when he abused her. H.E. recalled another instance of sexual abuse from when she was about seven years old. This time, H.E. stated that Everett told her if she told anyone, he would abuse M.E. as well. H.E. recalled a third incident where H.E. alleged Everett sexually abused her again when she was in second or third grade. Overall, H.E.'s disclosure went into specific details of each incident regarding how Everett had sexually abused her.

M.E., H.E.'s younger sister, disclosed alleged sexual abuse by Everett starting when she was eight or nine years old. M.E. claimed Everett sexually abused her for about a year. In her disclosure, M.E. recalled an incident that occurred around her ninth birthday. M.E. said the sexual abuse stopped around her 10th birthday when she told Everett his conduct felt "weird" and she wanted it to stop. M.E. estimated Everett

sexually touched her 21-23 times. Similar to H.E.'s disclosure, M.E.'s disclosure also provided specific details of these incidents.

The State charged Everett with five counts of rape, two counts of aggravated criminal sodomy, and two counts of aggravated indecent liberties with a child. The State later amended the complaint to specify the alleged dates of each count.

The first five counts involve H.E. as the victim:

(1)     Rape (Jessica's Law) occurring between January 3, 2011, and January 2, 2013.

(2)     Rape (Jessica's Law) occurring between January 3, 2011, and January 2, 2013.

(3)     Rape (Jessica's Law) occurring between January 3, 2011, and January 2, 2013.

(4)     Aggravated criminal sodomy (Jessica's Law) occurring between January 3, 2011, and January 2, 2013.

(5)     Rape (Jessica's Law) occurring between January 3, 2013, and September 1, 2016.

The remaining four counts involve M.E.:

(6)     Aggravated indecent liberties (Jessica's Law) occurring between February 27, 2016, and February 28, 2018.

(7)     Rape (Jessica's Law) occurring between February 27, 2016, and February 28, 2018.

(8)     Aggravated indecent liberties (Jessica's Law) occurring between February 27, 2016, and February 28, 2018.

(9) Aggravated criminal sodomy (Jessica's Law) occurring between February 27, 2016, and February 28, 2018.

*Motion to Admit K.S.A. 2022 Supp. 60-455 Evidence*

In February 2023, the State filed a motion to admit evidence of "'another act or offense of sexual misconduct'" under K.S.A. 2022 Supp. 60-455(d). The State sought admission of H.E.'s allegation that Everett also touched her with his fingers, tongue, and genitals. The State later amended its motion seeking admission of M.E.'s allegation that Everett also touched her with his fingers and tongue. H.E. reported Everett sexually abused her until she was 12 or 13 years old, but she only remembered some instances "in depth." According to H.E., Everett touched her with his fingers or tongue more than 20 times. She estimated Everett touched her with his genitals more than 15 times. The State claimed this conduct amounted to aggravated indecent liberties with a child, rape, and aggravated criminal sodomy. At the motion hearing, the State explained to the court that the nature of the K.S.A. 2022 Supp. 60-455 evidence was "really generically information regarding the fact that these are offenses that have happened for some . . . time."

The district court expressed concern at the motion hearing over the lack of detail in the K.S.A. 2022 Supp. 60-455 evidence.

> "Well, this is a difficult decision because we're dealing with difficult factor[s] and a difficult situation, and, frankly, part of my concern is that I haven't really heard a lot of evidence about what exactly the prior acts are. I've got what little information is in the motion and it talks about that it happened several different times, and for one child it was about 20 times, for the other victim it was anywhere between 13, 10 times, but we don't have exact details and that's the concerning part on my end is if we're going to put that information out there for a jury hearing charges and regarding sexual misconduct I think we need to have a little bit more information."

4

The district court took the motion under advisement. Before trial, the district court denied the State's motion. The court distinguished *State v. Boysaw*, 309 Kan. 526, 439 P.3d 909 (2019), noting that *Boysaw* involved prior convictions as opposed to uncharged allegations in the present case. The court explained that the alleged prior acts were disputed and contained no specific dates and little specific evidence other than claims by the victims that Everett used his fingers, tongue, and genitals multiple times. The court also found the State did not have a less prejudicial way to present the evidence, acknowledging that young children could not give exact details of each instance of sexual abuse and that there was no third-party information. However, the court remained concerned with the lack of detail of the uncharged conduct.

"On the other hand . . . we're not dealing with convictions, we're just dealing with allegations that are unproven at this point and allegations that were not charged.

"I think, because of the complexity of this case in regards to time, because we're dealing with wide ranges of times, not just days or even weeks. We're talking about weeks or years. It's going to be hard for the jury to try and listen to the evidence and try and take the evidence that's been presented and put it in the appropriate box to say this fits under Count 1 or this fits under Count 2, and to add in more information about allegations that are uncharged I feel that that will contribute to them having confusion and could distract them from what they need to be focusing on, which are the charges that are currently pending.

"At this time, based on that information and weighing what I have before me, although I know that under 60-455(d) this information could be admitted, weighing the evidence between probative and prejudicial, I find it to be more prejudicial and at this point I'm going to deny the State's motion under 60-455."

The State filed an interlocutory appeal from the district court's denial of its motion.

WE DO NOT HAVE JURISDICTION TO CONSIDER THE STATE'S INTERLOCUTORY APPEAL

*Standard of Review*

"Whether appellate jurisdiction exists is a question of law subject to unlimited review." *State v. Jones*, 318 Kan. 600, 601, 545 P.3d 612 (2024).

*Analysis*

When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *State v. Ehrlich*, 286 Kan. 923, 925, 189 P.3d 491 (2008). "'[P]arties cannot confer subject matter jurisdiction by consent, waiver, or estoppel. Nor can parties [confer] jurisdiction on a court by failing to object to its lack of jurisdiction.'" *State v. Soto*, 310 Kan. 242, 249, 445 P.3d 1161 (2019).

The State's authority to appeal in a criminal case is limited by statute to specified circumstances. *State v. Mulleneaux*, 316 Kan. 75, 80, 512 P.3d 1147 (2022). The State may file an interlocutory appeal from a district court's "order quashing a warrant or a search warrant, suppressing evidence or suppressing a confession or admission . . . ." K.S.A. 22-3603. "[A]n order 'suppressing evidence' includes 'rulings of a trial court which exclude state's evidence so as to substantially impair the state's ability to prosecute the case.'" *State v. Myers*, 314 Kan. 360, 365, 499 P.3d 1111 (2021).

In *State v. Bliss*, 28 Kan. App. 2d 591, Syl. ¶ 2, 18 P.3d 979 (2001), a panel of this Court outlined the State's limits when filing an interlocutory appeal of a court's adverse pretrial ruling suppressing evidence: "The State may not file an interlocutory appeal of an adverse pretrial ruling . . . unless its ability to prosecute the criminal case is substantially impaired as a result of the order." In determining substantial impairment, the Kansas Supreme Court has held that "'[s]uppression rulings which seriously impede,

6

although they do not technically foreclose, prosecution can be appealed under K.S.A. 22-3603.'" *State v. Berberich,* 267 Kan. 215, 219, 978 P.2d 902 (1999). Additionally, "evidence subject to a discretionary standard of admission is less likely to substantially impact the State's case." *State v. Sales*, 290 Kan. 130, 140, 224 P.3d 546 (2010). Finally, an "'interlocutory appeal from every run-of-the-mill pretrial evidentiary ruling of a district court'" does not satisfy substantial impairment, but "an order excluding evidence need not completely prevent the State from obtaining a conviction . . . ." *Myers*, 314 Kan. at 366. The *Myers* court explained: "The State can demonstrate substantial impairment of the prosecution even when the district court's evidentiary ruling does not technically foreclose the State from prosecuting the defendant or prevent it from proving the elements of the charged crime." 314 Kan. at 366.

The State contends we have jurisdiction, claiming the district court's suppression of H.E.'s and M.E.'s statements of how many times Everett touched them substantially impaired its case. The State argues H.E.'s and M.E.'s credibility is "paramount" because there were no eyewitnesses and suppressing their statements "risks damaging their credibility before the jury." The State compares this case to *Bliss* and *State v. Dearman*, No. 110,798, 2014 WL 3397185 (Kan. App. 2014) (unpublished opinion). Everett did not address jurisdiction in his brief.

In *Bliss*, the State charged Bliss with two counts of aggravated indecent liberties with a child who was 14 years old at the time of the offenses. The State filed an interlocutory appeal after the district court denied the State's K.S.A. 60-455 motion seeking admission of the victim's testimony regarding specific instances of uncharged sexual offenses committed by the defendant. The *Bliss* panel determined it had jurisdiction over the appeal. The panel noted the victim's credibility was at issue due to the lack of eyewitnesses and the K.S.A. 60-455 testimony would bolster the victim's credibility. The panel also explained there would be corroborative testimony of sexual actions Bliss took toward the victim. Furthermore, the K.S.A. 60-455 testimony could

7

establish a course of conduct between Bliss and the victim. Therefore, the panel concluded the district court's suppression of the K.S.A. 60-455 testimony substantially impaired the State's prosecution. 28 Kan. App. 2d at 594-95.

In this case, the victims' credibility is also at issue as there were no eyewitnesses to the alleged offenses. However, unlike *Bliss*, there are two victims in this case who will each testify about multiple specific alleged offenses as charged against Everett occurring in a similar manner. Additionally, the victim in *Bliss* would have testified to specific uncharged offenses that occurred on a specific day at a specific location. In this case, however, the victims would testify generally to how many times they believe Everett touched them using different body parts over a course of years. There is no indication when these other instances occurred or what conduct was involved. As the State acknowledges, the K.S.A. 2022 Supp. 60-455 evidence the State seeks to admit in this case is "generic[] information" and thus lacks the specificity found in the victim's testimony in *Bliss*.

Further, in *Bliss*, the State charged the defendant with only two counts, one occurring in a two-month period and the second occurring in a six-month period. As the *Bliss* panel noted, the other specific instances of sexual offenses supported a finding of a course of conduct. 28 Kan. App. 2d at 594. In sharp contrast here, the State charged Everett with nine offenses involving two victims over a seven-year period. Understanding the importance of this in the State's case against Everett, the prosecution advised the court—notwithstanding the proposed K.S.A. 2022 Supp. 60-455 evidence—that the jury "is going to hear about a pattern and an extensive period of time of abuse of two young ladies."

In *Dearman*, the State charged Dearman with one count of rape of a four-year-old girl. The first trial ended in a mistrial after the young victim refused to enter the courtroom to testify. At retrial, the State moved to admit the victim's statements that the

abuse by Dearman occurred several times, which the district court denied. On appeal, the *Dearman* panel compared the case to *Bliss* and determined it had jurisdiction over the appeal. The panel highlighted that the case was the victim's word against Dearman's since there were no eyewitnesses. Therefore, the K.S.A. 2013 Supp. 60-455 evidence would corroborate the victim's allegation. The panel also pointed out that because the victim was four years old when the alleged rape occurred, she would have difficulty remembering details of the incident. Because the victim's statements of ongoing abuse were the only way to bolster the victim's credibility, the panel determined the district court's ruling substantially impaired the State's prosecution. *Dearman*, 2014 WL 3397185, at *6.

As earlier stated, with no eyewitnesses to the alleged sexual abuse by Everett, the victims' credibility in this case is also at issue. The similarities between this case and *Dearman* end there. Dearman was charged with one count against a single victim. The victim in *Dearman* would have testified to a single incident, the details of which, due to her very young age, she had trouble remembering. Unlike the four-year-old victim in *Dearman*, here the two victims, ages 12 and 16 at the time of the 2020 disclosures, each gave detailed testimony of multiple incidents that resulted in the nine charges against Everett. Therefore, it is highly unlikely that the victims' estimates in this case of how many times Everett touched both of them would provide the same bolstering effect as the K.S.A. 2013 Supp. 60-455 evidence in *Dearman*, which only involved one young victim.

In other cases, Kansas courts have found they lacked jurisdiction over interlocutory appeals, finding the State's case not substantially impaired. In *Sales*, the State charged Sales with one count of aggravated criminal sodomy against his daughter. In a pretrial motion, the State sought to admit a law enforcement agent's expert testimony on why some children delay disclosing sexual abuse. The court denied the motion, finding that Sales was prejudiced by this testimonial evidence and excluded the testimony.

On appeal, the *Sales* court concluded the district court's exclusion of testimony did not substantially impair the State's case. The court explained that the State still had testimony from the victim of the abuse, the victim's aunt and the victim's mother regarding disclosure of the abuse, and the law enforcement agent's testimony of her interview with the victim. The court further stated the agent's testimony on delayed disclosure was "brief" and "extremely general," finding that "[v]ery little is lost with the removal of [the law enforcement agent's] testimony on delayed disclosure." 290 Kan. at 140.

Likewise, the K.S.A. 2022 Supp. 60-455 evidence in this case is brief and vague. As noted above, the evidence is an estimate of the number of times Everett touched H.E. and M.E., though there is no detail of when these touches occurred or how they transpired. As in *Sales*, the State in this case also has the testimony from the victims detailing multiple instances of abuse. The State also has available the testimony of the forensic interviewer, as well as H.E.'s and M.E.'s parents, to whom they initially disclosed the abuse.

Other panels of this court have more recently found they lacked jurisdiction over interlocutory appeals in sex offense cases. See *State v. Harris*, 64 Kan. App. 2d 432, 432, 551 P.3d 240 (Kan. App.), *rev. denied* 319 Kan. ___ (2024); *State v. Guy*, No. 116,983, 2017 WL 3202977, at *1 (Kan. App. 2017) (unpublished opinion).

After briefs were filed and the case was docketed, the State submitted a notice of additional authority, citing *State v. Nauman*, No. 126,911, 2024 WL 3912970 (Kan. App. 2024) (unpublished opinion), in further support. The State acknowledges *Nauman* is factually distinguishable. While both cases involved two victims, the K.S.A. 2019 Supp. 60-455 evidence in *Nauman* came from different alleged victims—Nauman's adult relatives who claimed to be former victims—who would testify to specific uncharged sexual acts. Also, the *Nauman* panel found important the fact that without the K.S.A.

10

2019 Supp. 60-455 evidence, the State's remaining evidence was the victims' testimony. 2024 WL 3912970, at *5. Yet in this case, the K.S.A. 2022 Supp. 60-455 evidence is vague statements by the victims estimating how many times Everett touched them. As outlined below, the State has other statements by H.E. and M.E. indicating Everett sexually abused them over a prolonged period.

Here, the district court's ruling did not substantially impair the State's ability to prosecute the case against Everett. The State will presumably have the victims testify to these incidents at trial. The State also has available the testimony of the forensic interviewer, who interviewed H.E. and M.E. soon after they came forward with their allegations and the recorded interview where the victims explained in detail the incidents of sexual abuse resulting in the nine counts against Everett. The State also has the testimony of the victims' parents, to whom the victims initially disclosed the sexual abuse. Furthermore, it is unclear to what extent the victims' testimony to a general estimate of how many times Everett touched them will bolster their credibility when they already will testify to detailed accounts of the charged offenses that have occurred during a seven-year period. If the jury is not inclined to believe H.E.'s and M.E.'s multiple detailed accounts of sexual abuse, vague statements of how many times Everett touched them is unlikely to meaningfully bolster their credibility.

We note that the district court's ruling was limited to H.E.'s and M.E.'s statements of how many times Everett touched them with each of his body parts. That is the only evidence the State included in its motion for the admission of evidence per K.S.A. 2022 Supp. 60-455. The State still has the victims' statements of how long the abuse lasted available to it. The State also has M.E.'s statement that she was abused every time she was left alone at Everett's house.

By the State's own statements made at the motion hearing, the exclusion of the proposed K.S.A. 2022 Supp. 60-455 evidence would not substantially impair the State's

11

case. At the hearing, the State explained the extensive nature of the State's case-in-chief against Everett, noting how the jury

> "already on the case alone is going to hear about a pattern and an extensive period of time of abuse of two young ladies. So this isn't going from one specific allegation case to, yeah, it happened 20 times. This is going from a case that has multiple counts over an extended period of time to adding on that."

Accordingly, excluding the K.S.A. 2022 Supp. 60-455 evidence that the sexual touching happened at other times does not impair the State's case when the State already was presenting evidence of a "pattern" of sexual abuse involving multiple counts occurring over "an extensive period of time."

It is unclear, moreover, that the excluded evidence in this case would support the State's case against Everett. Already, the jury was considering a complex case of nine counts of sexual abuse that allegedly occurred over a lengthy seven-year period with two victims. To then include "really generically information" of Everett sexually touching the two children may—as the district court recognized—confuse and distract the jury. Due to the case's complexity, the court noted:

> "It's going to be hard for the jury to try and listen to the evidence and try and take the evidence that's been presented and put it in the appropriate box to say this fits under Count 1 or this fits under Count 2, and to add in more information about allegations that are uncharged I feel that that will contribute to them having confusion and could distract them from what they need to be focusing on, which are the charges that are currently pending."

As the district court explained, the addition of the vague evidence could blur the State's evidence against Everett and confuse and distract the jury.

Finally, admission or exclusion of K.S.A. 2023 Supp. 60-455 evidence is within the district court's discretion. *State v. Jones*, 313 Kan. 917, 923, 492 P.3d 433 (2021). This discretionary standard makes it less likely the excluded evidence in this case substantially impairs the State's case. See *Sales*, 290 Kan. at 140. We find the excluded K.S.A. 2022 Supp. 60-455 evidence will not substantially impair the State in proving its nine counts against Everett. Therefore, we dismiss this appeal for lack jurisdiction.

Appeal dismissed.